Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

———

(91 South. 849)

No. 24845.

### FORD v. FORTUNA OIL CO.

(April 3, 1922.  Rehearing Denied by Division A May 15, 1922.)

*(Syllabus by the Court.)*

**1. Master and servant ⚖️398—Compensation suit held not premature.**

An action is not premature under a workman's compensation statute, even though defendant is willing to pay all that he thinks is due plaintiff, if in point of fact plaintiff and defendant differ as to what may be due.

**2. Master and servant ⚖️412—Frivolous defenses and appeals condemned.**

Workmen's compensation statutes contemplate weekly compensation for the injured and their dependents, and not lump sum payments; and hence the very object of such statutes is defeated by frivolous claims on the part of plaintiffs and frivolous defenses and appeals on the part of defendants.

*(Additional Syllabus by Editorial Staff.)*

**3. Master and servant ⚖️385(1)—Compensation properly awarded, though disability may cease.**

It is not a valid objection to an award of weekly compensation under the Employers' Liability Act for 90 weeks that plaintiff may recover during the 90 weeks, as the act allows of adjustment from year to year.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action under the Employers' Liability Act by Charles Ford against the Fortuna Oil Company. From a judgment awarding compensation, defendant appeals. Affirmed.

J. S. Atkinson and Alex Smith, both of Shreveport, for appellant.

Julius T. Long, of Shreveport, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. [1] This is a suit under the Employers' Liability Act (Act No. 20 of 1914), and the defendant has excepted that the suit is premature, because it is "now doing all that is required of it under said act and has not failed in its duty in any particular." Suffice it to say that plaintiff and defendant vary widely as to *what is required* of defendant under said act and the circumstances of this case, and hence there arises between them a controversy which plaintiff has properly submitted to a court for determination.

**I.**

[2, 3] For the rest, plaintiff was seriously injured and claimed compensation for total and permanent disability; say, $18 per week

for 300 weeks, plus $18 per week additional for the first 100 weeks, for alleged disfigurement.

The trial judge (who saw the injured man, and heard all the testimony) allowed him in all $18 per week for 90 weeks.

The defendant seems not to complain of the amount of the weekly allowance, but only of the number of weeks during which it is to run; and this on the hypothesis that plaintiff may recover during said 90 weeks. But the act allows of adjustments from year to year; which is quite often enough, unless the statute is to become wholly nugatory; for even as it is this present plaintiff has already by this appeal been kept out of his compensation for more than a year, contrary to the manifest purpose of the statute, which intends *weekly* benefits and not lump sum payments.

We find no merit in the defense; nor in plaintiff's demand for an increase. Both are frivolous.

### Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.