DAWKINS, J.
Plaintiff claims of his former employer double the amount of compensation to which he would otherwise be entitled, upon the ground that defendant failed to comply with section 22 of Act 247 of 1920 (Employers’ Liability Law) by taking out insurance or furnishing bond to cover the liability for injuries sustained by its employees.
There is no dispute that the defendant owes compensation, and the sole issue is as to its liability for double the amount to be paid in a lump sum instead of weekly, for failure to comply with this section.
Section 22 reads as follows:
“That on or before November 1st, 1920, any employer who now comes under the provisions of this act and any employer who may come under the -provisions of this act on or before October 1st, 1920, and within thirty days after coming under the provisions of this act, any employer who may come under its provisions subsequent to October 1st, 1920, shall file with the clerk of the district court of the employ-" er’s domicile, proof that, in accordance with the provisions of this act, such employer has taken out insurance against all liability that might arise under this act, or shall furnish a bond with good and solvent surety, conditioned for the faithful payment of all liability that might arise under this act unless excused by the court from taking out such insurance or furnishing such bond upon proof of financial solvency. Any employer failing to comply with the provisions of this section shall, if liable for compensation under this act, be so liable at twice the rate fixed by this act, and shall be liable, to pay in a lump sum to any injured employee, entitled to compensation under this act, or to the dependent of such injured employee, such payment as, together with the amount already paid, if any, will aggregate twice the compensation due under this act for such injury.
“2. If it should be made to appear to the satisfaction of the court that there is reasonable room for uncertainty as to the financial responsibility' of an employer against whom liability for compensation has accrued, and that such employer has not taken out insurance against his liability under this act, or has not furnished a bond as in this section provided, the court may order such employer to forthwith furnish a bond with good and solvent surety, conditioned for the faithful payment of all liability that has arisen or might arise under this act.”
In the case of In re Southern Cotton Oil Co., 148 La. 69, 86- South. 656, we held that the portion of this section which sought to impose upon the court's the duty of determining (outside of a litigated cause) the solvency of private corporations violated article 96 of the Constitution of 1898 and 1913, in that it was an attempt to attribute to. them functions which were not judicial; and that provision having been held invalid, the question now presented is: Can what was left of the section be enforced under the ordinary rules of statutory construction?
There is no doubt, as argued by plaintiffs counsel, that the object of section 22 was to protect employees entitled to compensation against" the insolvency of their employers, because of the long periods allowed them for payment. The lawmaker realized that there would be in the future, as there had doubtless been before this enactment, employers of labor, coming under the statute, who would become financially irresponsible before such compensation could be collected in full, leaving the unfortunate employee without recourse. At the same time, it must also have been considered that the great mass of employer's were and would be able to respond to this liability, and hence a means for relieving them from the rigours of this provision was sought by permitting them to call upon the judiciary t'o determine their solvency, and if found solvent, they should not be compelled to obtain or furnish such insurance or bond. Is it reasonable to assume that the Legislature would have enacted the section if it had provided unconditionally that all employers coming under the compen *1045 sation statute should obtain such insurance or furnish bond, under the penalty of being liable for double compensation, payable in a lump sum, for failure to do so? In other words, in attempting to reach a comparatively small class of persons, and to force them to provide against their own insolvency, would the lawmaker have deliberately penalized all industry to the extent such a construction would involve? We think not'.
A moment’s reflection will show the decided advantage which the section as it was enacted gave to the employer who, not wishing to provide insurance or bond, within 30 days after the law became operative, complied with its provisions by showing his solvency to the satisfaction of the court. He would not only have escaped the burden of the premium on the bond or insurance from year to year, but once having been adjudged solvent, in so far as the provision purports to require, he could have ever more gone about his business with a clean “bill of health.:’ The section does not appear to require a yearly test of solvency. Neither does it seem to require that “proof” of the taking out of insurance shall be filed with the clerk of court, or of what such proof shall consist, or who shall determine the “good and solvent” nature of the surety, if bond be furnished, or that such bond shall be filed with the clerk, or that the injured employer shall have any action of his own upon the policy or bond. Of course, an employer of labor may be solvent one year, and fail the next, and any real relief for the employee should be more comprehensive than the provisions of this section.
Then again paragraph 2 of the section above quoted leaves it somewhat doubtful as to whether, in fact', it was intended to impose the double liability at all hazards upon an employer who had failed to insure or give bond; for it says that if it should appear that “there is reasonable room for uncertainty as to the financial responsibility of an employer against whom responsibility for compensation has accrued, and that such employer has not taken out insurance against liability under this act * * * or furnished bond * * * the court may order such employer to forthwith furnish bond * * * for * * * all liability that has arisen or may arise under this act.” Why compel the furnishing of a bond for a claim which, under the preceding paragraph, has already become due in a lump sum, because of such failure? How could the order to furnish bond be enforced? Was it intended under this latter section that, notwithstanding the failure to comply with its provisions, the court might still, upon determining the question of solvency, in a doubtful case, allow time to t'ake out insurance or furnish bond, instead of imposing the penalty?
We do not dispute the correctness of the doctrine contended for by plaintiff’s counsel in a proper case, that if what remains of a statute after eliminating the unconstitutional part can operate within the intendment of the lawmaker, ,it should be given effect. However, such not only seems impossible in this case, but it does not' appear to us reasonable that the Legislature ever intended any such result, and the section as a whole must fall with the unconstitutional part.
We have no doubt that the object intended may be accomplished in a proper manner by vesting in some state agency the administrative duties sought to be imposed upon the judiciary, with right to resort to the court's when a justiciable issue has been, provoked in the manner contemplated by the Constitution.
For the reasons assigned, the judgment appealed from is affirmed.
O’NIELL, C. X, absent during the argument.