No. ———

First Circuit Appeal.

---

MITCHELL VINING v. LOCK, MOORE & CO., LTD.

---

(December 30, 1924, Opinion and Decree.)
(February 18, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1.—Louisiana Digest, Master and Servant— Par. 154, 160 (e), 160 (i).

Where the employer refuses to grant a written agreement under Employers' Liability Act, Sec. 17, of Act 20 of 1914, as amended by Act 38 of 1918, regardless of whether the amount of compensation is in dispute, the employee is entitled to judgment in court under Sec. 18 of Act 20 of 1914, as amended by Act 247 of 1920.

Appeal from the Parish of Calcasieu Hon. Jerry Cline, Judge.

This is a suit under the Employer's Liability Act No. 20 of 1914, for compensation for loss of leg.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Williams & Williams, of Lake Charles, attorneys for plaintiff, appellee.

Hardin & Hardin, of Leesville, attorneys for defendant, appellant.

MOUTON, J. Plaintiff, an employee of defendant Company, suffered the loss of a leg while in its service. His demand for compensation for the injury is fully admitted by the company. He alleges, that he has nothing in writing to show that he has an agreement with defendant company, and which he also avers, has refused to grant him a judgment or approval of his claim. It is contended by defendant that it is only after the parties have failed to agree out of Court upon the amount of compensation due, that a cause of action arises under Sec. 18, of the Employer's Liability Act. In support of this contention, defendant relies on the case in Colorado vs Johnson Works, 146 La. 68; 83 South. 381. The Court, in that case, stated, that it seemed under the provisions of Sec. 18 of that Statute, it was only after the failure of the parties to agree, that a suit could be brought for compensation. This was not directly presented as an issue in that case in which the Court in the body of the opinion, said, it seemed it was so provided for in the section above quoted.

In a later case, Daniels vs. Shreveport Refining Corporation, 151 La. 800; 92 South. 341, where suit was brought for compensation, a plea of prematurity was filed, which defendant contended should have prevailed. In that case it was shown that plaintiff had been paid regularly in excess of the maximum allowance, includding doctor's bills, and for a surgical operation. The defendant contended there was no dispute about the obligation, and therefore no occasion for a lawsuit. The Court in passing on this contention held, that there was a dispute between the parties as defendant would not admit liability for a definite amount, for a definite period or that the disability was within any particular class under the statute. After so stating the Court said: "According to section 17 of the statute, if the parties had agreed upon a settlement, the agreement would not have had effect without the approval of the Court." Section 17 permits all parties in interest to settle all matters of compensation between themselves. This section then provides that all agreements of settlement shall be reduced to writing, in accordance with the substantial provisions of the statute, and shall be approved by the Court. This written agreement of settlement must

then be presented to the Court upon the joint verified petition of both parties. When approved by the Court, this settlement must be immediately entered as an ordinary judgment and which is given its usual force and effect. Section 18, which follows, says in case of a dispute over, or failure to agree upon a claim for compensation, either party may present his verified complaint to the judge setting out certain averments referred to in that section. It will be noticed that this right to file this verified complaint is permitted when there is a "failure to agree upon a claim for compensation." When, however, such an agreement exists, there is no necessity for the filing of a complaint provided for under Sec. 18, as the parties are, in such a case, governed by section 17 of the statute, must have their agrement "reduced to writing," and submitted to the Court for approval. Here, plaintiff avers that his claim has not been reduced to writing, and that defendant refuses to grant him a judgment of approval so that he may have the security for his claim which a judgment would afford, as is contemplated by section 17 of the statute. As there is no dispute between the parties or failure to agree upon a claim of compensation, it became the duty of defendant to file a joint petition with plaintiff, after reducing their agreement of settlement to writing, for its approval by the Court. Obviously, defendant refuses to make this joint application with plaintiff although it does not in any way whatever dispute the claim of plaintiff for compensation, either as to amount or periods of payment. This refusal gave plaintiff, under the provisions of section 17, a right of action to have his claim merged into a judgment, and have it satisfied as other judgments as provided for in the section. Counsel for

defendant says, it was never intended by the statute that when the employer pays the compensation as it matures, he should be penalized by the payment of Court costs and have his property encumbered by judicial mortgage, resulting from the inscription of a judgment. It can not be disputed that in the case of any ordinary claim, should the debtor refuse to give his creditor a conventional mortgage for the security of the debt, that the latter by proper proceedings can have his claim converted into a judicial mortgage which necessarily would encumber the property of his debtor. The exercise of the same right could not be denied the employee who had obtained an agreement with his employer for compensation under the provisions of the statute in question. It was possibly with the view of avoiding the expenses which invariably result from ordinary judicial proceedings that the Legislature adopted section 17 of the Act, that the employee, at lesser cost, might be granted the security which flows from an ordinary judgment.

Counsel for defendant company recognized the fact that the compensation law with its amendments provides for a distinct class of cases, and dispenses with the formalities common to ordinary actions. He says, and very properly, that the provisions of the Act can not be enlarged, and that its provisions must be interpreted and applied as written. Our purpose in the instant case is to so construe and apply the provisions of section 17 of the compensation statute. In so doing, we must hold that upon the refusal of defendant to join plaintiff in having the Court approve their agreement in reference to the compensation due him, that he was entitled to a judgment recognizing his right thereto as was decreed below.