### No. 7941

### First Circuit

### MOSS v. LEVIN ET AL.

(January 9, 1929. Opinion and Decree.)
(February 13, 1929. Rehearing Refused.)

Weeks & Weeks, of New Iberia, attorneys for plaintiff, appellee.

Mouton & Debaillon, of Lafayette, attorneys for defendants, appellants.

ELLIOTT, J. M. Porter Moss, a brick mason by occupation, lost the fourth and fifth fingers on his right, and the fifth finger on his left hand, while working for Nathan Levin in the construction of the new courthouse building in the Parish of Lafayette. These fingers were practically mashed off. Amputation near the hand was necessary and performed immediately following the accident. The fourth finger on his left hand was so badly injured in the accident that it remains stiff, greatly weakened and is of no use. The sinews, tendons and muscles of the remaining fingers on his right hand were also badly injured and weakened. The forefinger on each hand, deprived of the co-ordination of the other fingers, have largely lost their power and utility for work and are permanently weakened and impaired. The amputation of three fingers near the hand, useless condition of another and injury to and weakening of the others, has resulted in a permanent loss of grip in both hands.

Plaintiff claims that said injuries have produced in him a permanent total disability to do work of any kind. He was receiving wages for his work at the time of his injury at the rate of $12.00 per day or $72.00 per week. He claims compensation at the rate of $20.00 per week for a period of 400 weeks. He alleges that American Employers Insurance Co. of Boston, Massachusetts, insured said Levin against liability on account of accident to his employees engaged in said work.

That said insurance policy constitutes a direct obligation on the part of said insurance company to him. That said insurance company is therefore liable unto him for said compensation in solido with said Levin. That said Levin and said insurance company, by contract between them, have wrongfully stipulated to his prejudice, that no action shall be taken against said insurance company in favor of said Levin or other party, to recover for any loss for accident to an employee, unless brought after the claim of loss has been fixed, either by agreement between the parties, with the written consent of said insurance company, or by final judgment against the employer. That said agreement is in violation of the laws of this state and of Act 20 of 1914 as amended.

That said insurance company has assumed full charge of all negotiations, preventing said Levin from making an agreement with him, and has, itself, refused to agree to or consent to any agreement to pay him the compensation to which the law entitles him.

That he has made demand for payment on said Levin and was refused. That he made like demand on said insurance company before filing suit, and said insurance company, declaring that he was entitled to sixty weeks compensation at $20.00 per week, refused and disputed his demand for compensation at the rate of $20.00 per week for 400 weeks and declined to pay same.

That said Levin is a resident of the State of Texas, the laws of which state grant no such right to plaintiff. That said Levin will leave the State of Louisiana within the next few months and defeat his right and deprive him of the protection afforded by the laws of this state. That payments have been made to him at the rate of $20.00 per week from the time of said accident; in all, 25 weeks at the time of suit. That said payments have been made only at the pleasure of the insurance company. His original and amended and supplemental petitions contain other statements, but the issues do not re-

quire that they be further mentioned.

The defendants, Levin and said insurance company, appeared separately and excepted to plaintiff's demand, setting forth in their exceptions that he had failed to allege that he "is not being and has not been paid, the maximum per centum of wages to which he is entitled," under the law; but admits having been paid such, from the time of injury to the time of suit.

That plaintiff failed to allege that the amount to be paid him as compensation had been fixed or determined by an award or by an agreement with his employer. That his petitions therefore set forth no right nor cause of action.

The exception of prematurity was overruled; that of no right nor cause of action was referred to the merits.

The defendants under reserve of their exceptions, then answered separately, admitting plaintiff's employment; that he was receiving wages as stated, and had received injuries while at work; but they denied that same were as extensive and great as he claimed. They deny his averment that the insurance policy issued to Levin constituted a direct obligation to plaintiff. They admit refusing to come to any agreement with him as to the amount of insurance and the period during which it was to be paid, but aver that he had been regularly paid $20.00 per week, the maximum compensation to which he is entitled since the accident, and that they have advised him of their liability to do so for a period of 60 weeks, counting from the date of his injury. That plaintiff having been paid as aforesaid, has no right of action against them under the law to recover judgment fixing the amount of his compensation for a definite period of time.

Judgment was rendered in favor of the plaintiff as prayed for.

Defendants have appealed.

The policy of insurance was not offered in evidence and is not in the record. But as for defendants' contention that it does not constitute a direct obligation in favor of the plaintiff, we will assume, in the absence of any denial of the fact, that it is conditioned as the law directs on that subject.

The Sections 23 and 25 of Act 20 of 1914 were recently construed in that respect by the Supreme Court in the case of Wyatt vs. Finley et al., 9 La. Ap. 139, 118 So. 874, on a writ of review to this court, and it was held that the policy in that case constituted a direct obligation in favor of the employee. In the case cited the employer was absent from the state, not a party to the suit, no agreement on the subject of compensation had been reached between the employer and employee and it was not shown that the employer was insolvent, etc.

In the present case we do not doubt the right of the plaintiff to claim compensation of his employer and the insurer of his employer in solido, in the same suit. The suit, however, must be terminated on another ground.

Defendants' contention that, as plaintiff is being paid the maximum compensation to which he is entitled, under the law governing the present case, Section 18 (amending Act 85 of 1926) 1(B) of the Employers' Liability Act, no suit can be filed to have the amount of compensation and the period of time during which the payment is to be made, definitely fixed, as long as the maximum compensation

claimed is being regularly paid, is the serious question in the case.

This Section reads:

"(A)  That in case of a dispute over or failure to agree upon a claim for compensation between employer and employee, or the dependents of the employee, either party may present a verified complaint to the judge of the district court, which would have jurisdiction * * *; setting forth the names and residences of the parties and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of wages being received at the time of the accident and injury, the knowledge of the employer or notice of the occurrence of the accident and injury, and such other facts as may be necessary and proper for the information of the said judge; and to give the other party sufficient information to enable him to intelligently answer and defend the complaint, and should state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which are in this Act, or in any subdivision thereafter, made conditions under which compensation may be granted.

"(B)  Unless in the verified complaint above referred to, it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being, or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this Act, the presentation or filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed and the question of whether or not such allegations of nonpayment are justified under the facts, shall be determined by the court before proceeding with the hearing of other issues involved."

The plaintiff contends that defendants, having refused to enter into a written agreement with him as to the maximum compensation to which he is entitled, and the period of time during which it is to run, so as to enable him to have it approved by the court, his right of action to have the maximum compensation to which he is entitled and the period of time during which it is to be paid, has accrued under Section 17 (amending Act 38 of 1918) and that the fact he is being paid the maximum weekly compensation to which he is entitled is no bar to the suit.

Section 17 provides:

"That the interested parties shall have the right to settle all matters of compensation between themselves. But all agreements of settlement shall be reduced to writing and shall be substantially in accord with the various provisions of this Act and shall be approved by the court.

"The agreement between employer and employee or his dependent, shall be presented to the court upon joint petition of employer and employee or his dependent; which petition must be verified by both parties. The settlement so approved shall be immediately entered as the judgment of the court, and such judgment shall have the same force and effect and may be satisfied as other judgments of the same court."

He cites in support of his action the construction placed on this section by the Supreme Court in Ford vs. Fortuna Oil Co., 151 La. 489, 91 So. 849, and Daniels vs. Shreveport Producing & Refining Co., 151 La. 800, 92 So. 341, also the case of Mitchell vs. Lock Moore & Co., Ltd., 1 La. App. 200.

We have concluded, but not without difficulty, that the law as it stands since the passage of Act 85 of 1926, by its terms prevents and intends to prevent

suit to have the amount of compensation to which an employee is entitled and the period of time during which. it is to be paid, fixed by the court as long as the employee is receiving the maximum compensation to which he is entitled.

The Act 85 of 1926 amends and re-enacts the Title and Sections 2, 3, 6, 8, 18, 20, 23, 31 and 37 of the Employers' Liability Act. Care was taken to make the law bring about the situation contended for by defendants, by various provisions in the amending law.

The intent of the Legislature on the subject is manifested by the language of paragraph (B). It is further shown by the provision made in paragraph (C) for taking depositions de bene esse. This paragraph provides that when any of said parties deem it necessary to take the testimony of any witnesses who might not be available in the event a dispute ever arose under this Act, depositions shall be so taken and filed with the clerk of court, having jurisdiction, for use in evidence in any future proceeding, just 'as though a suit had been filed before the depositions were so taken. Such a provision would not have been incorporated in the law if the testimony of witnesses who might not be available when needed, was not in the mind of the Legislature at the time.

The Code of Practice Art. 440 (amending Act 112 of 1914) already provided for exigencies of the kind. But the provision made in paragraph (C) was incorporated in the Act because of the provision made in paragraph (B). The intent to stay suit is also indicated by the amendment of Section· 31 (amending Act 85 of 1926) so as to read: "Where, however, such· payments have been made in any case, said limitation , shall not take effect until the

expiration of one year from the time of making the last payment." This change in the law and reference to "such payments have been made in any case," seems intended to harmonize with the provisions that no suit can be filed as long as the defendant or his insurer continued to pay the maximum compensation claimed by the injured party.

Section 31 (amending Act 85 of 1926) refers to Section 17 (amending Act 38 of 1918) and to the agreement provided for therein, saying with reference thereto: "* * * unless within one year after the accident or death, * * * the parties shall have agreed upon the payments to be made under this Act, or unless within one year after the accident proceedings have been begun, as provided in Sections 17 and 18 of this Act."

It is evident from this provision that the agreement provided for in Section 17 was not to be changed in terms, but postponed and to be effective, only after the employer or his insurer has ceased making maximum payments. That is necessary, else the latest law would be controlled by the older. The existing law must give way sufficient to enable the latest law to be effective. It must be regarded as amended by implication to that extent. C. C. Art. 12.

The decisions of the Supreme Court and of this court cited by plaintiff were rendered previous to the adoption of Act 85 of 1926. These decisions cannot give Section 17 (amending Act 38 of 1918) a fixed meaning against the result of a subsequent Act of the Legislature.

We therefore find that as plaintiff does not and cannot allege that "he is not being paid the maximum per centum of wage to which he is entitled," that under Act 20 of 1914, Section 18 (amending

Act 85 of 1926), 1(B), the presentation or the filing of his petition was premature and same must therefore be dismissed, unless the defendants have renounced the benefit of this law.

Paragraph (B) was established by the Legislature in favor of employers and their insurers. It was in force on October 27, 1927, when the defendant insurance company wrote plaintiff's attorneys advising them "* * * according to law your client is entitled to 60 weeks of compensation, which amount we are prepared to pay. If you do not agree with our interpretation of the law, it will be necessary for you to submit the matter to the court for decision."

In all cases in which it is not expressly or impliedly prohibited, parties can renounce what the law has established in their favor. C. C. Art. 11.

Giving effect to paragraph (B) and others on the same subject, the suit which the writer of the letter contemplated meeting, must be regarded as one which the law provides may be brought at the expiration of 60 weeks in case payments have ceased.

We have considered the rights protected by Section 6 of Article 1 of the Constitution of 1921; but we do not think the situation comes within the purview of this Article.

The fact that Section 22 (amending Act 247 of 1920) of Act 20 of 1914, has been held unconstitutional has been considered. Zehner vs. Mader, 153 La. 1042, 97 So. 34. Also the difficulty it will be for a disabled employee, perhaps penniless, to hire counsel and take depositions de bene esse, against the day when he may stand in need of the testimony; uncertain as to whether it may be needed or not and if so, when. Also the situations suggested by counsel for the plaintiff. But these matters are for the Legislature.

Having reached the conclusion that the plaintiff had no right of action at the time of filing suit, there is nothing to be done except to dismiss the case. The judgment appealed from is erroneous, contrary to the law, and must therefore be annulled and set aside.

For the reasons stated, the judgment appealed from herein is annulled, avoided and set aside, and plaintiff's suit is dismissed at his cost; reserving to him the right to bring another suit under the law, Act 20 of 1914, as amended, for the purpose of recovering from said Nathan Levin, and said American Employers Insurance Co. of Boston, Massachusetts, compensation in solido, for the maximum sum and for the period of time claimed in his petition, in case the weekly payments made at the time of suit, shall cease to be made. Plaintiff and appellee to pay the costs in both courts.

---

## ON APPLICATION FOR REHEARING

LECHE, J. Plaintiff filed this suit for compensation for 400 hundred weeks at the rate of twenty dollars per week, alleging various facts which are set forth more in detail in our original opinion, but which for the purpose of this discussion may be limited to the allegations that payments have been made to him at the rate of twenty dollars per week from the time of said accident, in all, twenty-five weeks at the time of suit, and that said payments have been made only at the pleasure of the insurance company. That said insurance company has declared that he was entitled to sixty weeks' compensation at twenty dollars per week, refused or

disputed his demand for compensation at the rate of twenty dollars per week for 400 weeks, and that said defendants have refused to have an agreement liquidating the amount of compensation to be paid, and the term for the continuance of said payments; also the right to have such agreement considered and approved by the Court and reduced to judgment with recognition of the liens and privileges accorded to petitioner to secure payment of his said compensation.

Defendants interposed exceptions of no right and no cause of action which were eventually overruled by the District Court, and judgment rendered in favor of the plaintiff as prayed for. From a decision by this Court setting aside the judgment of the District Court appealed from, and dismissing the plaintiff's suit without prejudice to any future rights that may accrue, plaintiff has filed an earnest application for a rehearing.

Section 17 of the Employers' Liability Act as amended by Act 38 of 1918, p. 59, provides that the interested parties shall have the right to settle all matters between themselves upon complying with requirements of that section, and that settlements so approved by the Court shall immediately be entered as the judgment of the Court, having the same force and effect as other judgments. It is very evident that this provision is not mandatory, but is permissive and confers an optional right which may or may not be exercised by either of the parties.

Section 18 following, as amended by Act 247 of 1920, then provides that in case of a dispute over, or failure to agree on a claim for compensation, either party may present his verified complaint to the Judge, setting out various averments referred to in the Section.

It was under the above quoted Sections that the decisions were rendered in the cases of Daniels vs. Shreveport Refining Corp., 151 La. 800, 92 So. 341, and in Vining vs. Lock Moore & Co., Ltd., 1 La. App. 200. In the latter case, this Court in line with the decision of the Supreme Court, held in effect, that when the employer has refused to submit to the provisions of Section 17, the employee is entitled to a judgment in Court fixing the compensation under Section 18, notwithstanding the fact that the amount of compensation has not been disputed.

Section 17, as amended, and as above set forth in substance, remains unchanged. The Legislature however, since the rendition of the above referred to decisions and prior to the cause of action under consideration, by Act 85 of 1926, page 121, has amended and re-enacted Section 18, so as to read as follows:

"(A) That in case of a dispute, over or failure to agree upon a claim for compensation between the employer and employee or the dependents of the employee, either party may present a verified complaint to the Judge of the District Court which would have jurisdiction, setting forth the names and residences of the parties. and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of wages being received at the time of the accident and injury, the knowledge of the employer or notice of the occurrence of the accident and injury, and such other facts as may be necessary and proper for the information of said Judge; and to give the other party sufficient information to enable him to intelligently answer and defend the complaint, and should state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which are in the Act, or in any subdivision thereafter, made conditions under which compensation may be granted.

"(B) Unless in the verified complaint above referred to, it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being paid. or has not been paid, and that the employer has refused to pay the maximum per centum of wages to which petitioner is entitled under the provision of this Act, the presentation or filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer, at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed and the question of whether or not such allegations of non-payment are justified under the facts, shall be determined by the Court before proceeding with the hearing of other issues involved."

This last quoted provision amplifies and adds to Section 18 the requirement that the employee or his dependent shall specially allege that he or said dependent is not being, or has not been paid, and that the employer has refused to pay the maximum per centum of wages to which the petitioner is entitled under the Act.

It would seem that this provision was deliberately worded to avert the situation caused by the aforementioned decisions interpreting the Sections as they formerly existed, but if not, it is certainly too specific to sanction the institution of a suit, where it is alleged in effect that the maximum per centum of wages have been and are being paid.

Plaintiff, in order to circumvent this logical deduction, takes the position in his application for rehearing, as was done in original argument, that the words: "Maximum per centum of wages to which petitioner is entitled under the provisions of the Act," have the same meaning as though they read: "Total compensation to which petitioner is entitled, etc." This construction, however, is repugnant to the very phraseology of the provision referred to, for surely if the "maximum per centum of wages" means "total compensation," the requirement of the allegation, "that the employee has not been paid," when taken in conjunction with the other stipulations, is vain and meaningless. By reference to the schedule of compensation under the Act, however, it is made plain that "the maximum per centum of wages" necessarily means the maximum percentage of weekly earnings at the time of the accident.

Plaintiff also urges that the interpretation placed on Section 18 as re-enacted, by this Court, eliminates Section 17; but plaintiff in support of this position must necessarily assume that the provisions of Section 17 are compulsory, whereas they are expressly discretionary. Certainly there is no inconsistency in a provision that gives the right to an amicable settlement with the approval of the Court, and a later provision which gives the employee or his dependent the right to sue upon a showing that he or said dependent is not being paid, or has not been paid the maximum per centum of wages.

Lastly, plaintiff argues that the other provisions in the Act, namely, Subsection C of Section 18 and Section 31 as enacted by Act 85 of 1926, do not uphold the contention in our original opinion as supporting our interpretation of Section 18. Be that as it may. There is nothing contained in the above referred to provisions, or any of the other Sections re-enacted by Act 85 of 1926 repugnant to or in conflict with the express requirements of Subsection B of Section 18, and we must therefore interpret the law as we find it.

Rehearing refused.