## PITTS v. M. W. KELLOGG CO., Inc., et al.

### No. 1954.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1939.

Blanche, Hebert & Wilson, of Baton Rouge, for appellant.

Taylor, Porter & Brooks and Charles W. Phillips, all of Baton Rouge, for appellees.

DORE, Judge.

Joe H. Pitts, the plaintiff, filed this suit against M. W. Kellogg Company, Inc., and its insurer, the Travelers Insurance Company, for compensation at the rate of $20 per week (the maximum weekly compensation allowed by the Compensation Statute, Act No. 242 of 1928, p. 357, § 8, subd. 3) for a period of 400 weeks, less and except the amount previously paid him, for injuries which he alleges he sustained on August 29, 1937 in the course of his employment by the defendant, M. W. Kellogg Company, Inc., in hazardous construction work. He admits in his petition that the defendants have furnished him with all necessary medical aid and have paid him the maximum compensation each week since the date of his injury to the present, and does not allege that they have refused to continue the payment of such compensation; but avers that there is a real controversy existing between him and the defendants in that they will not admit and agree that he is entitled to the compensation for a period of 400 weeks and that his disability is permanent and will exist for that period or any other definite period.

After a preliminary default had been entered against the defendants for failure to answer within the period prescribed by law, they filed an exception of no right or cause of action. The exception was referred to the merits by the trial judge. The defendants thereupon filed a joint answer, reserving the benefits of the exception.

In their answer the defendants admit plaintiff's allegations to the effect that he was injured while employed by the defendant, M. W. Kellogg Company, Inc., and that because of his injury he has been entitled to receive and has been receiving from them the maximum weekly compensation from the date of his injury to the present, and that he is entitled to continue such compensation as long as his present injury shall exist not to exceed 400 weeks. They admit that they have refused to agree that the injury will exist for the full 400 weeks' period or any other definite period; but contend that plaintiff's admission in his petition to the effect that he has been receiving the maximum weekly compensation since the date of his injury to the present, and is now receiving such benefit, shows that they have complied with the provisions of the statute, and the plaintiff's suit should therefore be dismissed.

The trial of the case was restricted to the sole and only question as to whether

or not defendants had been paying the plaintiff compensation at the rate of $20 per week in accordance with the Compensation Statute, and resulted in a judgment in favor of defendants, dismissing plaintiff's suit as being premature. The plaintiff has appealed.

From the allegations of plaintiff's petition and the admission thereof by the defendants, it is uncontroverted that since the date of the injury the defendants have been paying and the plaintiff has been receiving the maximum weekly compensation.

Plaintiff contends that since the exception of no cause or right of action was merely a plea of prematurity, such plea should have been filed prior to preliminary default being taken and should not be considered by this court. In answer to his contention it is necessary only to state that the plea of prematurity in such an action, though a dilatory plea, goes to the merits in accordance with Subsection 1 (B) of Section 18 of the Compensation Statute (as amended by Act No. 85 of 1926, p. 120). We now pass to the question as to whether or not the plea was correctly sustained.

Plaintiff in his brief admits that this court had under consideration the very same issue under similar facts in the case of Moss v. Levin, 10 La.App. 149, 119 So. 558, 120 So. 258, wherein we held that such an action was premature under Section 18, Subsection 1 (B), as amended by Act No. 85 of 1926, and criticizes our opinion as being in conflict with the cases of Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341, and the case of Ford v. Fortuna Oil Company, 151 La. 489, 490, 91 So. 849. These two cases were differentiated in our former opinion rendered in Moss v. Levin as not being applicable to the case since the decisions were rendered prior to the adoption of Act No. 85 of 1926. We have recently had under consideration Reiner v. Maryland Casualty Company, 185 So. 93, a like case under like circumstances and involving similar issues, in which we affirmed our prior decision of Moss v. Levin, supra.

In the case of Reiner v. Maryland Casualty Company, supra, we further held that the prescription of one year as prescribed by the compensation statute would begin to run only from the date of the last compensation payment, and in that case we also differentiated the case of Brister v. Wray Dickinson Co., Inc., et al., 183 La.

562, 164 So. 415, and held that it was not applicable to the case.

The plaintiff also contends that our decision in Moss v. Levin, supra, is contrary to the case of Thibeau v. Dutton & Mercer, 17 La.App. 338, 136 So. 186. In that case the defendant had stopped the payment of compensation and contended that plaintiff had been fully paid all compensation to which he was entitled. The court correctly held that Act No. 85 of 1926 did not apply to a case wherein the facts were as disclosed in the case before it, these facts being different from those in the case of Moss v. Levin. We cannot see wherein our decision is in conflict with the case of Thibeau v. Dutton & Mercer, supra.

For these reasons, the judgment appealed from is affirmed.