## ULMER v. E. I. DU PONT DE NEMOURS & CO.

### No. 2012.

Court of Appeal of Louisiana. First Circuit.

June 30, 1939.

Fred G. Benton, of Baton Rouge, for appellant.

Taylor, Porter & Brooks, of Baton Rouge, for appellee.

OTT, Judge.

Plaintiff sustained a hernia while working for the defendant company on July 7, 1938, which injury totally disabled him from performing manual labor, the kind of work that he was doing when injured. He was receiving wages of $40 per week when injured, and he asks for judgment in the sum of $8,000 to cover compensation for total permanent disability at the maximum rate of $20 per week for 400 weeks, payable weekly in accordance with the compensation law.

Defendant filed an exception of prematurity on the ground that it has paid and is continuing to pay plaintiff the maximum compensation under the law. This plea of prematurity was sustained and the suit dismissed, and the case is here on an appeal by the plaintiff.

The exception was decided on an agreed statement of facts wherein the following vital facts are stipulated: that the accident and injury occurred on July 7, 1938 at which time plaintiff was receiving $40 per week wages; that he was then put on light work and received his regular wages of $40 per week for services rendered up to December 28, 1938, at which time his services were terminated, and he was then put on compensation at the maximum rate of $20 per week, and this maximum compensation has been paid regularly since December 28, 1938.

The sole question presented in the case is whether or not the plaintiff is entitled to recover compensation from the date of the injury on July 7th to December 28, 1938, during which time he received his regular wages. As it is admitted that he has received and is receiving the maximum compensation since the latter date, it is obvious that his suit is premature unless he is entitled to receive compensation during the period following the injury in which he received his regular wages for services rendered. Section 18, Subsection 1(B) of

Act No. 20 of 1914, as amended, Dart's General Statutes, § 4408; Moss v. Levin et al., 10 La.App. 149, 119 So. 558, 120 So. 258; Reiner v. Maryland Casualty Company, La.App., 185 So. 93; Pitts v. Kellogg Co. et al., La.App., 186 So. 389.

Plaintiff contends that the amount received by him from the date of the injury to December 28, 1938, was not compensation but was the amount paid him as wages for services rendered by him to his employer; that as he was totally disabled from performing the kind of work that he was doing when injured, he is entitled to receive compensation from the date of the accident under the compensation law, particularly Section 8, subsection 1(b) and 4 of Act No. 20 of 1914, as amended, Dart's General Statutes, § 4398. Subsection 4 of said Section 8 requires the employer to pay compensation from the date of the accident where the disability from the injury continues six weeks or longer after the date of the accident.

█ Plaintiff is claiming compensation under subsection 1(b) of Section 8 of said act which provides that compensation shall be paid for injury producing permanent total disability to do work of any reasonable character at a certain percentum of the weekly wages during the disability, not to exceed four hundred weeks. The basis for awarding an employee compensation under this and the other paragraphs (a) and (c) of this subsection is not because of any damage sustained by the employee on account of the accident, but because of the loss or diminution in his earning capacity. Rylander v. Smith & Son, Inc., 177 La. 716, 149 So. 434.

It is obvious that plaintiff did not suffer any loss or diminution in his earning capacity from July 7th to December 28, 1938, as he received full wages for that period. During that period he drew more than the maximum amount of compensation that he would have drawn had he been put on compensation. He suffered no disability during that period as his earnings were not curtailed or affected in any way.

Plaintiff is not claiming compensation for any of the specific losses provided for under the various subdivisions of paragraph (d) of said subsection 1 of Section 8, and it is irrelevant to argue and theorize on what the situation would be had plaintiff lost an arm, a hand or foot. It is conceivable that an employee could suffer one or more of the specific losses mentioned in this paragraph and yet his earning capacity might not be affected in the least. But we are not concerned with such a situation in this case.

Neither do we feel called upon to pass on the question projected in brief and in argument as to what date should be used from which to calculate the four hundred weeks if plaintiff's disability continues for that period, nor do we deem it relevant to decide the point as to whether or not the defendant will have the right to deduct from the compensation due plaintiff the total amount of wages paid him between the date of his injury and December 28, 1938, as the employers were permitted to do in the cases of Hennen v. Louisiana Highway Commission, La.App., 178 So. 654 and Becton v. Deas Paving Company, 3 La.App. 683. In reaching the conclusion that we have in this case, we would not want to be understood as approving and following the holding in the above cited cases as the question of whether or not the defendant will undertake to deduct from his compensation the wages paid plaintiff after the injury is not before us. Non constat, defendant may never make such a deduction.

██ Our ruling in the case must be restricted to the issue presented, and we hold, where an employee receives an injury affecting his capacity to work and is entitled to compensation under those clauses in the compensation law allowing compensation on account of disability, and where such employee, after such disabling injury, continues to receive from his employer his usual wages, whether his services are commensurate with such wages or not, and where such wages are equal to or in excess of the maximum compensation that he could claim for the injury, a suit by such employee for compensation for the period during which the said wages are being paid would be premature. And it follows that no suit for compensation for such period could be maintained after the payment of such wages has terminated and the employee is thereafter paid the maximum compensation up to the time the suit is filed.

For the reasons assigned, the judgment is affirmed at the cost of the appellant.