An accidental injury, resulting in disability, was sustained by plaintiff, Robert G. Mancil, on April 2, 1941, while he was engaged in the course and scope of his employment with defendant, J.B. Beaird Corporation.
The employee received compensation, as for total disability, at the rate of $11.83 per week until August 15, 1941.
Defendant failed to make further payments, thus necessitating plaintiff's institution of this suit on September 2, 1941, and invoking the provisions of the Louisiana Employer's Liability Act, Act No. 20 of 1914. *Page 386 
In the petition he alleged the employment relationship with defendant and his weekly wage of $18.20, the manner of the accident's occurrence, the injury sustained, and a resulting total and permanent disability. He further alleged that he was paid weekly compensation of $11.83 for 17 weeks, and that defendant failed and refused to make payments after August 15, 1941, it "contending that petitioner is now fully able to do as much work as he was doing at time he was thus struck and injured." The prayer is for judgment against defendant for weekly compensation of $11.83 for 400 weeks beginning April 2, 1941, less the amounts paid.
Defendant, in its answer filed September 23, 1941, "denied as written" the allegations respecting the employment, the accident's occurrence, and the disability occasioned. It averred the furnishing to plaintiff of hospital and medical attention for which charges in excess of $250 were incurred. It admitted the payment of compensation through August 15, 1941, and that it contends "that petitioner is no longer totally disabled." Defendant's prayer is for a rejection of plaintiff's demands and a dismissal of the suit; and in reconvention for judgment against plaintiff for $35, this being for money allegedly advanced to him.
On October 8, 1941, the case was called for trial on the issues created by the pleadings, pursuant to a regular fixing. Before the introduction of any evidence, however, defense counsel tendered to plaintiff the sum of $106.44, "being the compensation due this claimant to date, together with $1.00 for covering interest on any installments that have not heretofore been paid; together with $10.60 covering all court costs that have been incurred in this proceeding up to the moment."
The tender was refused. Whereupon defendant filed an exception of no right of action. In this pleading it referred to the tendering of all sums due to date and urged that plaintiff's suit should be dismissed. This exception, by the court's order, was referred to the merits.
After the first witness was called and sworn and had answered several questions propounded by plaintiff's attorney, defense counsel made the following announcement: "If the court please, just as a matter of time-saving, I would like to make this further explanation in my tender. That, of course, we admit the man was engaged in his occupation that he was involved in, and that the accident arose out of the scope of his employment, that he has been injured as a result thereof, that he has been disabled to date, and that he is not able to perform the customary and usual duties in this occupation. We are admitting those circumstances to date."
Also admitted was that plaintiff received, when injured, a wage of $18.20 per week.
The court ruled that evidence could be adduced for the purpose of determining the extent of plaintiff's disability, the only issue remaining; and the trial was resumed.
Many other witnesses called by plaintiff were examined, counsel for both sides interrogating them primarily with reference to the cause of the accident and the extent of plaintiff's disability. Defendant produced no witnesses.
At the conclusion of the trial the district court rendered judgment, supported by written reasons, in favor of plaintiff and against defendant for weekly compensation of $11.83, during disability not to exceed 400 weeks, less the compensation payments already made. In reconvention defendant was awarded the sum of $35, the court decreeing that it "shall not be withheld from or constitute any claim upon the compensation." Costs were ordered paid by defendant.
Defendant appealed devolutively from the judgment following the overruling of its motion for a rehearing.
In this court appellant urges that the trial judge erred in the following respects: 1. In not sustaining its exception of no right of action and dismissing the suit. 2. By proceeding with a trial on the merits and assessing defendant with the costs. 3. In not granting a rehearing.
The exception of no right of action is predicated on the provisions of paragraphs 1 (A) and 1 (B) of Section 18 of Act 20 of 1914, the compensation statute, as amended by Act No. 85 of 1926, Act No. 81 of 1930.
The first-mentioned paragraph provides: "That in case of dispute over or failure to agree upon a claim for compensation between employer and employee" either party may present a verified complaint to the proper court alleging certain specified information relating to the claim.
In the instant case, upon defendant's refusal to pay further compensation after August 15, 1941, there arose and existed a *Page 387 
genuine dispute between the employee and the employer; and because of this condition plaintiff appropriately filed his verified complaint detailing the required information, thereby complying with the provisions of paragraph 1 (A).
Also he alleged in his petition the existence of total and permanent disability, for which compensation was owed him during a period of 400 weeks, and that the employer had refused to pay the maximum per centum of wages to which he is entitled. These allegations satisfy the requirements, set forth in the first part of paragraph 1 (B) of said Section 18, for preventing the dismissal of the complaint as being prematurely filed, which are: "Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of filing of such complaint shall be premature and shall be dismissed; * * *."
As before shown, defendant in the answer admitted its refusal to pay compensation, contending that plaintiff was no longer totally disabled. However, its counsel call attention to the tender, explanation and admissions made in open court at the time fixed for the hearing of the case, and show that, notwithstanding the answer's averment, these constituted conclusive evidence that the employer was not refusing to pay the requested compensation. The argument is then made that such acts should have been given consideration by the district court before going to trial on the merits, and, upon determining that no refusal to pay existed, the complaint should have been dismissed, all under the authority of the last part of paragraph 1 (B) of said Section 18 which reads: "* * * when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved."
This last-quoted statutory provision, in our opinion, does not authorize an employer, who has compelled an employee to commence litigation on his claim by a refusal to pay, to tender on the day of trial the compensation due up to and only to that time and thereby obtain a dismissal of the suit. A tender is not mentioned or contemplated therein.
Rather, we think, such provision cares for a situation where the employee in his petition alleges the employer's refusal to pay the maximum authorized compensation, and the employer denies that allegation in its answer which, according to the statute, must be filed within a certain period after service of the complaint. When the issue of nonpayment is thus created the court is required to determine it at the time fixed for the case's hearing and before trial of the merits; and if it be found that the allegation of refusal is without reasonable foundation the suit will be dismissed.
No other construction is possible if a comma is inserted after the words "is denied by the employer." By the insertion, the provision reads: "when such allegation is contained in such complaint and is denied by the employer, at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; * * *." A court, in construing a statute and giving it the effect intended by the Legislature, may re-punctuate or may correct a manifest error in the use of words. City of Crowley v. Police Jury of Acadia Parish, 138 La. 488, 70 So. 487; United States v. Shreveport Grain Elevator Co., 287 U.S. 77, 53 S.Ct. 42, 77 L.Ed. 175.
Obviously, the Legislature intended our announced construction. For, as is well stated in the opinion of the trial judge:
"It is always to be remembered in the light of the purpose of the Act that it is to be construed liberally in favor of the workman.
"To adopt the strict construction demanded by defendant would permit any employer to force the destitute injured workman to bring a suit, employ counsel, assemble his witnesses, procure the attendance of his experts and then procure the dismissal of the suit by merely tendering compensation to date, and nominal costs. In this case an expert was brought all the way *Page 388 
from Many, Louisiana. For that matter, what proof is there that the costs tendered are sufficient? This action constantly repeated would soon exhaust any plaintiff."
As defendant in its answer did not deny plaintiff's allegation of a refusal to pay, but instead admitted it, the last discussed statutory provision, it must be held, is inapplicable to this controversy.
The authorities cited and relied on by defense counsel present situations different from the one involved herein. Defendant, in Dawson v. Barber Brothers Contracting Co., Inc. et al., La.App., 195 So. 46, denied plaintiff's allegations of refusal. In Moss v. Levin et al., 10 La.App. 149, 119 So. 558, 120 So. 258, plaintiff did not and could not allege that he was being refused appropriate compensation; therefore, his complaint was filed prematurely. There was properly put at issue in Hall v. Hillyer-Edwards-Fuller, Inc., 187 La. 959, 175 So. 633, the matter of nonpayment, and the evidence adduced showed no refusal to pay.
The tender, explanation and admissions of defendant at the commencement of the hearing were not sufficient to avert a trial of the case and to prevent the assessment of costs against it. It admitted liability for total disability only to the date of the hearing, while the complaint demanded compensation as for permanent disability. If, in addition to the admissions thus made, defendant had then agreed that the employee's total diability was permanent or would endure thereafter for an indeterminate period, a judgment awarding compensation during disability not exceeding 400 weeks would have been rendered without the necessity of a trial; but this it did not do, hence the taking of evidence on the question of duration was required.
Defense counsel contend that: "The question of probable duration of disability is not a matter for judicial determination. It is not within the province of the court to fix the period of probable disability where the claimant at the time of the trial is conceded to be totally disabled. All that the court may do is render a judgment in favor of the claimant for compensation during the period of his continued disability for a time not to exceed four hundred weeks."
Our appreciation of the law relating to the raised question is that the suggested judgment is to be rendered when the disability is total at the time and the evidence does not disclose definitely whether it is permanent or temporary. Schneider v. Travelers Insurance Co. et al., La.App., 172 So. 580 (and cases therein cited). Where, however, the proof is conclusive that the total disability will endure for a period less than 300 weeks, a judgment for temporary disability is proper.
The motion for a rehearing was correctly overruled. It concerns incidents arising after defendant's joining of issue by answer; and in view of the conclusion reached on the first ground of complaint such incidents are irrevelant to the instant cause.
Plaintiff's asserted total and permanent disability and the reconventional demand of defendant for money advanced are amply supported by the evidence adduced.
The judgment is affirmed.