McBRIDE, Judge.
This is a suit for workmen’s compensation benefits which was dismissed as of non-suit on defendant’s plea of prematurity. Plaintiff, the compensation claimant, has appealed.
The plaintiff in substance avers that he was in defendant’s employ in the capacity of longshoreman, and that about March 22, 1957, while performing duties within the scope and course of his said employment, he met with an accident from which resulted certain enumerated disabling injuries.
The petition then sets forth:
*545 “Petitioner alleges that 65% of his weekly wage entitles him to maximum weekly compensation benefits of $35.00 per week and that employer has paid such compensation benefits from date of accident up until the present date. However, employer has not furnished petitioner with copies of the reports of examinations made by employer’s medical practitioner after petitioner’s attorney had filed a written request for said reports of examination and that pursuant to the provisions of [LSA] R.S. 23:1314 petitioner’s petition is not premature and he has a right to proceed with this action.”
Plaintiff’s prayer is for a judgment against defendant for workmen’s compensation at the rate of $35 per week for the duration of his disability, not to exceed 400 weeks, plus the medical expenses he has already incurred and which will accrue in the future, and also for the taxation of the fees of his medical experts as costs.
Defendant excepted to the petition on the following grounds:
“That plaintiff’s petition is premature in that defendant herein has, since the date of said alleged accident on or about March 22, 1957, been paying compensation to plaintiff in accordance with law, has and is furnishing all medical attention commensurate with plaintiff’s alleged injury and has and is furnishing to plaintiff, through his counsel of record, all medical reports covering plaintiff’s alleged injuries.”
When the matter was called for trial on the exception interposed by defendant, a stipulation, concurred in by counsel for the respective parties, was dictated into the record, from which it appears that on June 5, 1957, plaintiff’s counsel had addressed and directed a letter to the defendant reading as follows:
“Please be advised that the service of this office has been retained by Mr. Saia relative to his claim for workmen’s compensation benefits under Louisiana law. We call upon you to furnish us with any and all medical reports that you may have in your file relative to the above-captioned case.”
Defendant’s claim agent made a reply thereto on June 15, 1957, reading:
“This will acknowledge your communication of June 5, 1957, in which you have advised that you have been retained by the above-captioned claimant to represent him in his claim for workmen’s compensation benefits under Louisiana law, resulting from alleged injury sustained while in our employ. We wish to advise that we are now rendering medical treatment and paying compensation according to the Workmen’s Compensation Act, and do not have recent medical reports on file at this time. We prefer to retain our direct relationship with this claimant, and until such time as dispute has definitely been established we will, of course, recognize you as attorney of record. * * * ”
This suit was instituted on July 10, 1957. The stipulation above referred to also reflects that on a date not specifically mentioned, but between the time of service of citation and the trial on the exception, defendant supplied plaintiff’s counsel with the medical reports which had been demanded.
The stenographic transcription of the proceedings on the trial of the exception show that the trial judge stated his conclusions as follows:
“ * * * you filed the suit in vacation time; you got the reports; you since have the reports; the only thing you would be entitled to would be costs to be paid by the defendant. I don’t see what relief I could give you. You’re getting compensation. * * * I’m going to maintain the plea of prematurity, and fix the costs on defendant. Plea maintained; defendant to pay the costs. I don’t think it’s pre *546 mature, but since you have all the relief that you’re entitled to, the Court could give you, I am going to dismiss your suit as in the case of nonsuit, and order the defendant to pay costs. * * I said your suit was not premature, but you have received everything you’re entitled to; the Court cannot give you any more relief; and the only thing you’re really entitled to is for the defendant to pay the costs.”
Prior to 1926, when a workman as a result of an occupational injury claimed he was totally and permanently disabled and his employer refused to admit that fact, the injured workman was entitled to file suit and obtain a judicial determination of the dispute between the parties notwithstanding that the employer had paid regularly the maximum compensation benefits to which the workman is entitled. See Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341.
In 1926 by Act No. 85, the Legislature amended Sec. 18.1(B) of the workmen’s compensation statute so as to read as follows :
“Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved.”
The amendment supplied by Act No. 85 of 1926 was incorporated into the Revised Statutes of 1950 as Sec. 23:1314.
The effect of the aforementioned amendment to the statute was to prevent the institution and presentation of a suit for workmen’s compensation benefits by an injured employee at a time when he was being paid weekly compensation benefits by his employer. The amendment was literally construed by the courts as meaning that unless the verified petition contained an allegation that the employee was not being or had not been paid and that the employer had refused to pay the maximum percentage of wages to which the employee was entitled under- the statute, then in that event the petition was premature and subject to dismissal. See Lanoue v. Century Indemnity Co., La.App., 30 So.2d 207; Moss v. Levin, 10 La.App. 149, 119 So. 558, rehearing refused 10 La.App. 149, 120 So. 258.
This was the settled state of the law until LSA-R.S. 23:1314 was amended by Act No. 539 of 1950 so as to provide:
“Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter or that the employee has not been furnished the proper medical attention or that the employee has not been furnished copies of the reports of examination and/or examinations made by employer’s medical practitioners after written request therefor, has been made under the provisions of this Chapter, the presentation of filing of such complaint shall be premature and shall be dismissed; when such allegations contained in such complaint and is denied by the employer at the time fixed *547 thereunder by the Court, if it he shown that such allegations are without reasonable cause or foundation in fact, such complaint shall be dismissed; and the question of whether or not such allegations of non-payment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved.”
The contention is made by plaintiff that his petition in the instant case cannot be deemed premature as it alleges that the employer has not furnished him with copies of reports of examinations made by the employer’s medical practitioners after plaintiff’s attorney had filed a written request for said reports, and that pursuant to LSA-R.S. 23:1314 the plaintiff is entitled to proceed with his case on the merits and to a judgment fixing and establishing the amount of compensation due him. The position taken by the defendant is that the only remedy which the appellant is entitled to in view of the fact that the petition alleges that weekly compensation benefits were being paid and that medical treatment was being furnished was to obtain copies of the medical reports, and that since the copies of these medical reports had been furnished to the appellant, even though they were forwarded subsequent to the filing of the suit, the appellant was then receiving all he was entitled to receive under the statute and the trial court properly maintained the exception and entered judgment dismissing the suit.
Appellant’s counsel make the argument that the import of LSA-R.S. 23:1314 is that once the employer without justification fails, neglects, or refuses to furnish the injured workman with the reports of the medical practitioners after written demand therefor and the workman is compelled to file suit in order to obtain the reports, the court should proceed to try and adjudicate plaintiff’s right to recover workmen’s compensation and to render judgment in his favor fixing the amount and tenure thereof. Counsel point to the following language contained in LSA-R.S. 23:1314:
“ * * * and the question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved. * * * ”
Counsel also maintain that the latest amendment to the statute was passed by the Legislature to specifically “coerce recalcitrant employers to promptly furnish copies of reports of medical examinations conducted by their medical practitioners upon written request or to face the alternative of a judicial determination of a claim for workmen’s compensation benefits as for total and permanent disability.” It is further claimed that the employer’s failure to furnish the medical reports upon plaintiff’s demand was not justified under the facts and that the judge was bound to proceed with the hearing of the other issues in the case.
We think that the dismissal of the plaintiff’s suit was proper. All that appears is the fact that the employer did not immediately furnish plaintiff with the copies of the medical reports upon demand by his counsel and that the reports were not forthcoming until after the judicial demand. It is true that Sec. 23:1314 states that the question whether the failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved, but we do not believe that this language means or was ever intended to mean that where the employer has been paying maximum compensation to the injured workman and has been furnishing him with adequate medical treatment, the mere failure to furnish the medical reports before suit would endow the employee with the right to have a judicial fixing of the amount of the compensation benefits due him but which meanwhile are being fully acquitted by the employer. Save for the question *548 of the timely furnishing of the medical reports, there was no issue involved in the case. Plaintiff’s right to compensation was not a disputed point affirmed by the plaintiff and denied or disavowed by the defendant; on the contrary, the plaintiff alleges that the employer was paying the maximum amount of compensation to which he is entitled, and it appears that the employer is furnishing all medical attention commensurate with plaintiff’s injuries. The suit was not premature as to the question of plaintiff’s right to have the medical reports and the court disposed of that point, but we think that the suit is premature insofar as the demand for a judicial fixing of the compensation benefits is concerned, because plaintiff did not and could not allege that he was not being or has not been paid and that the employer has refused to pay the maximum percentum of wages to which plaintiff is entitled. We conclude that the plaintiff at this time, under the circumstances as we find them, is not entitled to proceed against the employer for a judgment for workmen’s compensation benefits.
It is true, as counsel for the plaintiff point out, that in the case of Mancil v. J. B. Beaird Corporation, 7 So.2d 385, the Court of Appeal for the Second Circuit held that an employer who has compelled an employee to commence litigation on his claim by a refusal to pay compensation could not tender on the day of the trial the compensation due up to and only to that time and thereby obtain a dismissal of the suit. The Court was of the opinion that such a tender is not mentioned or contemplated in the workmen’s compensation case under such circumstances. But the cited case is in no wise analogous and could have no application to the instant case.
We agree with the statement of the trial judge:
“ * * * I don’t see what relief I could give you. You’re getting compensation.”
The judgment appealed from will be affirmed.
Affirmed.