No. 538

First Circuit

CHAFIN v. MERIDIAN LBR. CO

(December 30, 1929.   Opinion and Decree.)

Fern M. Wood, of Leesville, attorney for plaintiff, appellee.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellant.

LECHE, J. Plaintiff sues for compensation. In his petition, he alleges that defendant had due notice of the injury from which he suffered immediately after it occurred, that he has made amicable demand for payment without avail, and that defendant company is not now paying petitioner any compensation, etc. Defendant pleads that the action was brought prematurely, but this plea was overruled by the trial court.

On the trial of the case, plaintiff expressly admitted that he made no demand for compensation, and it follows, therefore, that defendant did not have the opportunity to refuse payment.

Defendant invokes the provision of the Employers' Liability Act, sec. 18, as amended and enacted by Act No. 85 of 1926, p. 121.

The cited section 18 of the act of 1926, provides in paragraph (B) that, unless it is alleged that the employee has not been paid and that the employer has refused to pay, the presentation or filing of such complaint shall be premature and shall be dismissed.

The petition of plaintiff does allege, in substance, failure and refusal of defendant to pay. But, continuing, paragraph (B) further provides that, when such allegation is contained in the complaint and is denied by the employer, as is done in this case, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of nonpayment is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved. But the fact is admitted by plaintiff in his testimony that he has made no demand for compensation, and plaintiff does not therefore dispute that defendant at no time refused to pay.

This same question was presented to us in the case of Moss vs. Levin et al., 10 La. App. 149, 119 So. 558, 120 So. 258, and we there held that such allegation and proof are made a necessary condition precedent, before the court may pass on the merits of the demand.

Such defense may appear exceedingly technical, and the purpose of the provision in the statute is not very apparent, but the language in which it is couched is plain and unambiguous. This court is of inferior jurisdiction, and we have not the power to ignore or alter the plain provisions of a statute under the plea of giving it construction.

Believing then that plaintiff has failed to present his complaint in the manner and form prescribed by paragraph (B) of section 18 of Act 85 of 1926, p. 121, we feel in duty bound to dismiss the same without prejudice.

For these reasons the judgment of the district court is avoided and reversed, and plaintiff's suit dismissed at his cost, and without prejudice.