175 So. 633

## HALL v. HILLYER–EDWARDS–FULLER, Inc.

Inc.

No. 34298.

May 24, 1937.

Rehearing Denied June 21, 1937.

Julius T. Long, of Shreveport, for applicant.

Cline, Thompson & Lawes, of Lake Charles, for respondent.

Griffin T. Hawkins, of Lake Charles, and H. W. Ayres, of Jonesboro, amici curiæ.

LAND, Justice.

This is a suit for compensation, at the rate of $12.67 per week for 400 weeks, for permanent and total disabilities alleged to have resulted from certain injuries received by plaintiff, while working for defendant company in the operation of its sawmill at or near Glenmora in the parish of Rapides in this state.

In article 6 of plaintiff's petition it is alleged: "That, although petitioner has from time to time sought to get defendant to pay him the amounts due him under the workmen's compensation act of Louisiana (Act No. 20 of 1914) for his injuries and disabilities, the said defendant has told petitioner it would pay nothing and has refused to pay him anything."

Defendant filed a plea of prematurity under subsection 1 (B) of section 18 of Act No. 85 of 1926, amending and reenacting certain sections of Act No. 20 of 1914, the Workmen's Compensation Law of the state.

It is alleged in defendant's plea of prematurity: "That appearer denies that petitioner ever made any demand or sought to get defendant to pay him any amount under the Workmen's Compensation Law of Louisiana for any injuries he claims to have received or any disability resulting therefrom and denies that it has told plaintiff it would pay nothing or that it has refused to pay him anything; it denies it has had occasion to refuse to pay plaintiff anything because no demand or request has ever been made upon it for the payment of any compensation to plaintiff whatever. It avers that it knew nothing of any claim for compensation that plaintiff was making against it until the copy of the petition in the cause was served upon it.

"That, therefore, under subsection [1] (B) of section 18 of the Workmen's Compensation Law of Louisiana, said cause of action, if plaintiff has one, which respondent denies, is premature, which prematurity respondent especially pleads in bar of plaintiff's right to recover herein.

"That the question herein raised is required to be determined in advance of the hearing of the merits of this cause.

"Wherefore, appearer prays that this plea of prematurity be fixed for trial and tried in advance of hearing of said cause and upon its trial thereof that it be maintained and plaintiff's suit be dismissed at his cost."

The plea of prematurity was maintained in the district court for the parish of Rapides, and on appeal this judgment was affirmed by the Court of Appeal, Second Circuit, of this state.

█ (1) It may be well to observe, at the outset, that the plea of prematurity filed by defendant is not an exception of no right or cause of action, nor does such plea go to the merits of the case in any particular.

The only effect, therefore, of maintaining the plea of prematurity in this case is the dismissal of plaintiff's suit. As plaintiff is prosecuting this suit in forma pauperis, its dismissal does not entail upon him even the payment of costs.

█ (2) Plaintiff has set forth in his petition the facts relating to his employment at the time of the injury, the character and extent of the injury, the amount of wages being received at the time of the accident, the knowledge of the employer or notice of the occurrence of the accident and injury, etc., in compliance with section 18, subsec. 1 (A), of Act No. 85 of 1926; and, in addition to that, plaintiff has alleged, as required by section 18, subsec. 1 (B), of section 18 of the act, that plaintiff "is not being or has not been paid, and that the employer has refused to pay."

It is provided in section 18, subsec. 1 (B), that: "Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent *is not being or has not been paid, and that the employer has refused to pay,* the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of filing of such complaint *shall be premature and shall be dismissed.*" (Italics ours.)

Defendant is not attempting, because of lack of necessary allegations in the petition, to dismiss plaintiff's suit on exception of prematurity, but is relying upon the second provision of section 18, subsec. 1 (B), that: *"When such allegation* [that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay] *is contained in such complaint and is denied by the employer* at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are *without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed;* and the question of whether or not such allegation of *non-payment* is justified under the facts shall be determined by the Court *before proceeding* with the hearing of the other issues involved." (Italics ours.)

On the trial of the exception of prematurity, the plaintiff in plea produced four witnesses, the vice president and general manager, the cashier and office manager, the yard foreman at the sawmill, and the doctor for defendant company.

The vice president and general manager, and the cashier and office manager are both in active charge of the office of the company, where employees are paid, and both testified that plaintiff had never made any demand or request of either of them for compensation.

The yard foreman, who had charge of the work of plaintiff when he was employed by defendant company, and kept his time, testified that plaintiff did not, at any time, demand or ask witness to pay him, or have the company pay him, compensation for any injury he claimed to have received while working for the company.

The doctor for the company testified that he treated plaintiff for a headache the latter part of April, but that plaintiff did not indicate that he requested compensation for any injury that he claimed to have received while in the employ of the company.

Not one of these four witnesses had any notice, prior to the filing of this suit, of any injury to plaintiff while working for defendant company.

The plaintiff did not appear at the trial, and did not place any witness on the stand, or introduce other evidence, to prove notice of injury or demand for compensation and refusal to pay, prior to suit. The only offering made by plaintiff's counsel was a telegram stating that he was sick and could not attend the trial. No continuance was requested.

Under this state of facts, the exception of prematurity was properly maintained

by the District Court and affirmed by the Court of Appeal, Second Circuit, of the state.

(3) The plea of prematurity was filed on September 28, 1936, and fixed for trial October 27, 1936. On that day plaintiff presented a supplemental petition, alleging *"That since plaintiff filed his original petition herein* he has made repeated amicable requests and demands upon the defendants and the attorneys for the defendant in this cause for payment of any and all amounts due plaintiff or payment of any amounts of weekly compensation which the said defendant admits it owes plaintiff for the injuries sued upon herein; that despite said demands, the said defendant fails and refuses to pay plaintiff anything. He avers that more than ten days ago he informed defendant that he would file this amended petition." (Italics ours.)

Objection was made by defendant company to the amended petition and sustained by the trial judge. In our opinion, the ruling was correct.

The second provision of section 18, subsec. 1 (B), specifically declares that the "complaint shall be dismissed," where the allegation as to nonpayment is made therein, and denied by the employer, and it is shown on the trial of the exception of prematurity that such allegation is "without reasonable cause or reasonable foundation."

The dismissal of the suit, in such a case, is made peremptory by the statute and, of course, cannot be prevented by an amended or supplemental petition, filed

since the filing of the original petition in the case.

■ The contentions. that the Workmen's Compensation Act must be construed liberally at all times, and that the amended petition should have been allowed are not well founded. In section 18, subsec. 4, it is said: "The Judge shall not be bound by technical rules of evidence or *by technical rules or procedure other than as herein provided,* but all findings of the fact must be based upon competent evidence, and all compensation payments provided for in this Act, shall mean and be defined to be for injuries and only such injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself." Act No. 85 of 1926. (Italics ours.)

The above subsection clearly means that, although a trial judge is not bound by "technical rules or procedure" generally, yet he is bound by the "technical rules or procedure * * * herein provided," i. e., provided in the act.

■ Section 18, subsec. 1 (B), of Act No. 85 of 1926, is clear and free from all ambiguity, and the procedure specifically provided in that section as to the plea of prematurity must be adhered to.

Our conclusion is that the judgment of the Court of Appeal, now under review, is correct.

It is therefore ordered that the judgment of the Court of Appeal, Second Circuit, be affirmed.