### SAWYER v. WEBER-KING MFG. CO.

### No. 2065.

Court of Appeal of Louisiana. First Circuit.

Jan. 30, 1940.

Julius T. Long, of Shreveport, for appellant.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for appellee.

LeBLANC, Judge.

This is a suit for compensation in which the plaintiff seeks to recover the sum of $8.77 per week for a period not to exceed four hundred weeks, as compensation for disability growing out of an accidental injury sustained by him while in the course and scope of his employment by the defendant. To the plaintiff's petition the defendant filed first a plea of prematurity based under Subdivision 1(B) of Section 18 of the Workmen's Compensation Act as amended by Act No. 85 of 1926. That section provides in effect that unless in the verified complaint filed by the employee or his dependents in a compensation suit, it is alleged that he or his dependents are not being or have not been paid, and that the employer has refused to pay, the maximum per centum of wages due under the provisions of the Act, the presentation or filing of such complaint shall be premature and shall be dismissed. The subsection further provides that when the complaint contains such an allegation and it is denied by the employer at the time fixed for hearing, if it be shown that such allegations are without reasonable cause or reasonable foundation and fact, the complaint shall be dismissed.

The last provision of the section gives the court the power to determine the question of prematurity before proceeding with the hearing of the other issues involved.

The plea of prematurity in this case is based on the allegations made that since the date of his injury, defendant has paid the plaintiff 65 per cent of the amount of his average weekly wage, the most recent of said payments having been made subsequent to the institution of his suit and he having accepted the same voluntarily and without protest. It is further averred in the plea that plaintiff has never heretofore made demand for the payment of any greater compensation than he was then presently receiving and that it knew nothing of any claim for additional compensation that he was making against it until receipt of a letter from his counsel and a copy of the petition filed in this case. The plea of prematurity was referred to the merits by the court and thereafter defendant filed its answer putting the case at issue. In its answer defendant again averred that it at all times had been ready, willing and able to pay the plaintiff the sums due him as compensation but that he has recently refused the amounts so tendered him.

As it had the right to do under the provisions of the Compensation Statute already referred to, the Court then heard the parties on the plea of prematurity and after evidence had been taken, counsel for plaintiff, who apparently now concedes that the plea was well taken, filed a plea to the constitutionality of Subdivision 1(B) of Section 18, Act No. 85 of 1926. That plea was then taken up and submitted to the court and judgment rendered overruling the same. The plea of prematurity was then sustained and plaintiff's suit dismissed. From a judgment so decreeing, he has taken this appeal. The only question presented before this court is the correctness of the ruling in the lower court on the plea of constitutionality.

The plea is based on the ground that subdivision 1(B) of Section 18 of Act No. 85 of 1926 which amended the original Compensation Statute, Act No. 20 of 1914, is violative of the provisions of Section 2 of Article I of the Constitution of the State of Louisiana and Section I, Amendment 14, of the Constitution of the United States, U.S.C.A.

The provision of the State Constitution which is claimed to be violated reads as follows: "No person shall be deprived of life, liberty or property, except by due proc-

ess of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid." Section I, Amendment 14, of the Federal Constitution which it is claimed is violated by the provisions of our State Compensation Statute, reads as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The attack on the subdivision of the Compensation Statute on the ground that it violates the State Constitution was based on the proposition that it denied to the plaintiff in a compensation suit due process of law in exercising his rights thereunder. Counsel for plaintiff does not stress that point in his brief and in fact states that he wants to force the defendant particularly to meet the issue on the other point raised, that is, that his client, under the section attacked, is deprived of the equal protection of law accorded to his employer.

The gravamen of the complaint, as we understand it, is that a defendant employer, as in this case can control an employee such as the plaintiff, in the matter of filing his suit for compensation and thereby make it possible for him to lose some very important legal rights which he has, such for instance as the loss of his proof by the death or removal from the jurisdiction of the court of some important witness or witnesses, the difficulty or perhaps impossibility of collecting the compensation justly due him by the defendant becoming insolvent, the exercise by the defendant of absolute control over the plaintiff in the matter of collecting his compensation, and other matters of like nature.

In order to meet the contention that the plaintiff is controlled in the matter of filing his suit, we deem it proper to quote the provision of the law which has been attacked. Subdivision 1(B) of Section 18 of Act No. 85 of 1926, reads as follows: "Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the em-

ployee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation or filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved."

■ This provision is specific in its language that it is only when the employee has alleged that he is not being or has not been paid, and that the employer has refused to pay him the maximum per centum of wages to which he is entitled, that the filing of his suit shall be considered premature. Certainly, if one is receiving the maximum amount of the rights he is entitled to under the law, he would have no cause of action against the person from whom he is entitled to receive those rights. If a contract between two parties is being carried out to its fullest extent by both, it strikes us that neither would have a right or cause of action against the other for failure to carry out any of its provisions. There is no inequality shown to anyone who is obtaining all the benefits which he is entitled to under a particular law or under a contract of any kind.

Neither do we believe that a plaintiff in a suit of this character is deprived of any of his vital rights, as suggested by his counsel. The loss of a witness by death or removal from the jurisdiction of the court is a matter which may occur at any time before the trial of a suit whether filed prematurely or not. Besides, it strikes us that by paying him the maximum amount of compensation to which he is entitled the employer has gone far in conceding that he has sustained an accidental injury within the contemplation of the Statute. Again, the Compensation Statute has wisely provided in the Subdivision 1(C) of Section 18 of the Act here under consideration for the taking of depositions de benne esse. Under that provision of the law, when any of the parties deems it necessary to take testimony of any witness who might not be available

in case a dispute ever arose under the Act, depositions can be taken and filed with the Clerk of Court having jurisdiction, for use in evidence in any future proceeding, the same as though suit had been filed before the depositions were taken.

■ Regarding the possibility of the defendant becoming insolvent, we cannot see how that is a matter which would favor either of the parties under the law. That is a contingency which the employee could not guard against whether he had a judgment or not. Finally, it strikes us that these as well as all the other matters suggested by counsel on which the plea of inequality is raised, are some which address themselves to the wisdom or the policy of the law and not to its validity. If in those respects the employee feels that the law works a hardship on him, any relief must come from the Legislature and not from the courts as the courts are only concerned with a law primarily in respect to its constitutionality.

It is our conclusion that the plea to the constitutionality of the section of the Compensation Statute herein involved is not well taken and the judgment below which overruled the same was proper, and it is therefore affirmed.