In this suit, plaintiff seeks the maximum compensation under the Employers' Liability Act, Act 20 of 1914, as amended, for alleged injuries causing permanent and total disability arising out of an alleged accident sustained by him while in the course and scope of his employment by the defendant. The plaintiff in his petition sets forth the wages which he was receiving, the nature of his employment and duties, a description of how the accident occurred, the nature of his injuries and disability, and that the defendant had due notice of said accident and injuries.
In addition to the above, plaintiff alleged as follows, Art. 8 of his petition: "Petitioner further shows that immediately after receiving said injuries, he was treated by a physician employed by said defendants, but that said defendants have failed to furnish petitioner any further medical treatment, and have refused to pay any compensation".
[1] The defendant, without answering the petition, filed a plea of prematurity in which it averred:
"That appearer denies that it ever had due notice of the accident and resulting injuries alleged to have been sustained by petitioner, and it denies that it refused to pay petitioner any compensation; it denies that it had occasion to refuse to pay petitioner any compensation, because no demand or request has ever been made upon it for the payment of any compensation to plaintiff whatever. It avers that it knew nothing of any claim for compensation or that it had any notice of any accident alleged to be sustained by plaintiff until the copy of the petition in this cause was served upon it.
"That, therefore, under sub-section B of Section 18 of the Workmen's Compensation law of Louisiana, said cause of action, if plaintiff has one, which respondent denies, is premature, which prematurity respondent especially pleads in bar of plaintiff's right to recover herein.
"That the question herein raised is required to be determined in advance of the hearing of the merits of this cause.
"Wherefore, appearer prays that this plea of prematurity be fixed for trial and tried in advance of hearing of said cause and upon its trial thereof that it be maintained and plaintiff's suit dismissed at his cost."
The plea was fixed for trial and evidence adduced thereunder. The trial court sustained the plea, without written reasons, and dismissed plaintiff's suit. Hence this appeal by plaintiff.
The plea of prematurity is based on the fact that defendant did not have knowledge *Page 754 
or notice of the occurrence of the accident and injury as provided for by Section 18, subsec. 1 (B), of Act 20 of 1914 as amended by Act 81 of 1930, and also that a demand for compensation was not made upon and refused by it.
The question involved is the application of Section 18, subsec. 1 (B), of the Employers' Liability Act, Act 20 of 1914, to the facts in this case. Section 18, subsec. 1 (B), as amended by Act 85 of 1926, reads as follows:
"(B) Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation or filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment, is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved."
The pleadings and the evidence show that the accident happened on June 11, 1941; the suit was filed on June 11, 1942, that is, on the last day before prescription would have applied.
Plaintiff testified to the essential facts of the accident and testified that his immediate superior had knowledge of the accident. In this, he is contradicted by his superintendent or immediate superior who denies any knowledge of any accident or injury to plaintiff while in his employment, or notice thereof. It is conceded that plaintiff did not receive nor was paid any compensation nor was compensation tendered to him. Plaintiff admitted that he had not made any demand on defendant for the payment of compensation, and plaintiff does not therefore dispute that defendant at no time refused to pay.
The same question presented in this case was presented to us in the case of Chafin v. Meridian Lumber Co., 12 La. App. 73, 125 So. 483, and we therein stated:
"Such defense may appear exceedingly technical, and the purpose of the provisions in the statute is not very apparent, but the language in which it is couched is plain and unambiguous. This court is of inferior jurisdiction, and we have not the power to ignore or alter the plain provisions of a statute under the plea of giving it construction.
"Believing then that plaintiff has failed to present his complaint in the manner and form prescribed by paragraph (B) of section 18 of Act 85 of 1926, p. 121, we feel in duty bound to dismiss the same without prejudice."
In the case of Hall v. Hillyer-Edwards-Fuller, Inc.,187 La. 959, 175 So. 633, on a similar plea as in the case under consideration, in fact under the same verbiage, the Supreme Court unanimously held that Section 18, Subsection 1(B), of Act 20 of 1914, as amended by Act 85 of 1926, was free from ambiguity, and when the evidence disclosed that claimant had not made demand for compensation, a plea of prematurity based on the said Section 18, Subsection 1(B), had to be maintained under the technical rule of procedure provided therein, the fact that the statute, Section 18, Subsection 4, provides that the trial judge shall not be bound by technical rules or procedure other than as therein provided, and that the provisions of the act shall be liberally interpreted notwithstanding.
Plaintiff, in oral argument and in brief, cites, relies upon and strenuously argues that the cases of Carlino v. United States Fidelity Guaranty Co., 196 La. 400, 199 So. 228, and Thornton v. E. I. Dupont de Nemours Co., 207 La. 239,21 So.2d 46, decided by the Supreme Court, are decisive of the question involved in this case.
In the Carlino case, the question involved was the effect of the payment of wages in lieu of compensation in order to interrupt the running of prescription, and it did not involve the question of pre-maturity under Section 18, subsec. 1(B). The case is therefore clearly inapposite.
In the Thornton case, the plea of pre-maturity was based on the contention of the defendant that it had been paying plaintiff wages in lieu of compensation. There was no question in that case, like in the present one, that the employee had received an injury to the knowledge of the employer. In fact, it was conceded that the plaintiff had received an injury, and *Page 755 
that the defendant had had notice thereof; rather than pay compensation the defendant put plaintiff on light duty and paid him his regular wages. The gist of the decision is to the effect that the payment of wages is not equivalent to payment of compensation. In our case the defendant denies that plaintiff received an injury, denies that it has received any notice of such injury, and denies any demand for compensation, thereby affording no reason for the payment of compensation and for its refusal. We find no application of the Thornton case to the one at bar.
[2] Plaintiff further contends that Section 18, subsec. 1(B), is ambiguous when construed with reference to Section 31 relating to the prescription of one year, contending that the plaintiff had until midnight of the 365th day of the year following the accident in which to bring his suit. He admits, however, that Section 18, subsec. 1(B), is clear and unambiguous in itself. We do not see wherein Section 18, subsec. 1(B), becomes ambiguous when it is construed with Section 31. Section 18, subsec. 1(B), is a technical procedure as outlined by the Legislature. It is to be noted that in Section 31, Section 18 specially is referred to. The Legislature then must have taken into consideration the technical procedure as provided for in Section 18, subsec. 1(B), when considering Section 31. To say that Section 18, subsec. 1(B), means that which plaintiff would-want it to say, would be to legislate by adding a proviso thereto in about the following language: "Provided however that this sub-section shall not apply when an action for compensation is about to prescribe as provided for in Section 31 of this act". This is beyond our province. Plaintiff alone is to blame for failing to make demand for compensation within the year. Section 11 provides that he shall give notice to his employer within six months after the date of his injury. This Section also provides that such notice is not necessary when it is shown that the employer, or his agent or representative, had knowledge of the accident, a fact strenuously denied by the employer in this case.
The plaintiff, in oral argument or in brief, has not sought to differentiate the present case with the cases of Chafin v. Meridian Lbr. Co. and Hall v. Hillyer-Edwards-Fuller, supra, and we find that these cases and the case at bar are similar. Moreover, it seems clear that the cases cited and relied upon by plaintiff are inapposite to the present case, and considering the Employers' Liability Act as a whole, we feel bound by the decisions in the cases of Chafin and Hall, supra, and necessarily we must hold the judgment of the District Court dismissing plaintiff's suit to be correct.
The judgment appealed from is therefore affirmed.