In this suit, plaintiff seeks the maximum compensation and hospital and medical expenses under the Employers' Liability Act, Act 20 of 1914, as amended, from the defendant Employers' Liability Assurance Corporation, the insurer for the Department of Public Safety, Division of State Police of Louisiana, for alleged injuries causing permanent and total disability arising out of an alleged accident sustained by him while in the course and scope of his employment as a motorcycle State trooper by the Department of Public Safety, Division of State Police of Louisiana. In his petition, he sets forth the wages he was receiving, the nature of his employment, the date of the accident as of the 30th day of August, 1944, a description of how the accident occurred, and the place thereof, the accident having taken place on the premises or headquarters of his employer, the nature of his injuries and disability, and that his employer had had immediate notice of the accident and the resulting injuries received by him. He further sets forth that he was given immediate hospital and medical treatment by his employer, and was paid maximum compensation from September 7, 1944, to November 22, 1944, by the defendant with full knowledge, consent and approval of his employer. He further alleges that following the date of November 22, 1944, he was returned to the payroll of his employer, at his prior wage of One Hundred Ninety ($190) Dollars per month, serving as a clerical or desk capacity while still walking or getting about on crutches, and allowing him to so remain in that employment *Page 50 
until on or about February 15, 1945. Thereafter, he alleges that he was assigned to other light jobs, that of making patrols in automobiles largely driven by other men, with full pay, continuing down to the time of the filing of the suit.
In addition to the above, plaintiff's petition alleges, which are material to the issue herein, as follows:
"Article 11. That petitioner has received no compensation payments of any kind as compensation payments since on or about the 22nd of November, 1944, either from the said employer or from the defendant insurer, and that thus the filing of this suit was made necessary, as is allowed by law in such cases only for the purpose of obtaining an adjudication as to the maximum amount due petitioner under the compensation laws of this state; and that the filing of this petition was originally made necessary within the year following the last compensation payment in order to eliminate the possibility of prescription running against any part or all of petitioner's claim.
"Article 12. In this connection, petitioner shows that both the employer and the said insurer have not only failed to make any further compensation payments as is hereinabove alleged, and have not only failed to extend any further recognition to petitioner's claim as a disability arising under the compensation laws of this state, but that both the said employer and the said insurer refuse to admit that petitioner's injuries are such as entitle petitioner to the maximum compensation allowed under said laws where a permanent and total disability is involved, and otherwise refuse to fix or declare any further liability of any kind to petitioner under the said laws."
"Article 14. Petitioner shows that he is still employed by the said employer and is still receiving the same pay, and that the nature of the services which have been rendered by him for the said employer in the capacities shown is, and has been, and is continuing to be of a classification which would be described as 'light duty' as contrasted with the work he was doing when he was injured; that this 'light duty' work was and is given to him by his said employer out of special consideration because of his injuries, and thus, the legal effect thereof is that petitioner, down to the time of the filing of this suit and down to the present time, has received and is receiving the full sum that would be due him under the compensation laws, either as pure compensation during the period of time shown, or as wages earned for light duties where the amount of the accrued compensation is to be deducted 'pro tanto' out of the said wages.
"Article 15. That under these facts the doctrine of the cases of Carlino v. United States Fidelity Guaranty Co.,196 La. 400, 199 So. 228, and the Thornton v. E. I. DuPont De Nemours Co., 207 La. 239, 21 So.2d 46, is applicable to this case, and permits the petitioner to institute and to maintain this suit in order to have his rights legally adjudicated without any further action or demand upon petitioner's part."
Thereafter he sets forth the nature of his injury and the resulting disability, with which we are not concerned at the present time.
The defendant, the insurer of his employer, without answering the petition, filed a plea of prematurity, in which it is averred:
"1. In the verified complaint filed by complainant and petitioner, the employee, in this matter, it is not alleged that the employee is not being paid or has not been paid, and that the employer and the insurer have refused to pay, the maximum percentum of wages to which petitioner is allegedly entitled under the provisions of the Louisiana Workmen's Compensation Laws.
"2. Therefore, the presentation and filing of the complaint in this matter was and is pre-mature, and the complaint should be dismissed, under the specific provisions of the Louisiana Workmen's Compensation Act, particularly, but not exclusively, under subparagraph (B) of paragraph 1 of section 18 of Act 20 of 1914, as amended and re-enacted.
"3. In the alternative, if this Honorable Court should construe the complaint and petition filed herein so as to hold and find *Page 51 
that said verified complaint does contain the allegation that the employee is not being or has not been paid, and that the employer and the insurer have refused to pay, the maximum percentum of wages to which petitioner is allegedly entitled under the provisions of the Louisiana Workmen's Compensation Laws, then Employers' Liability Assurance Corporation, Ltd., alleges that said allegations are incorrect and without reasonable cause or reasonable foundation in fact, all as will more fully appear from a copy of a letter from the attorneys for the said company dated May 8, 1946, hereto annexed and marked 'Employers-1,' together with the original reply to said letter, addressed to the said attorneys for the said company, signed by Colonel W.D. Atkins, superintendent of the Division of State Police of the Department of Public Safety of the State of Louisiana, said letter being dated May 11, 1946, and hereto attached and marked 'employers-2,' the said copy of said letter dated May 8, 1946, and said original letter dates May 11, 1946, being hereto annexed and hereof made a part, the same as if written herein in extenso, and therefore, said complaint should be dismissed under the specific provisions of the Louisiana Workmen's Compensation Act, particularly, but not exclusively, under sub-paragraph (B) of paragraph 1 of section 18 of Act 2-[20] of 1914, as amended and reenacted."
The plea was fixed for trial and evidence adduced thereunder. The trial court, in his reasons for judgment states: "When this matter came on for hearing the Court accepted the allegation contained in Paragraph 11 of plaintiff's petition that he had received no compensation payments from either his employer or its insurer since on or about November 22, 1944, as being the same as stating that defendant has refused to pay compensation.
"Regardless of the correctness of this ruling, the evidence taken in support of the exception shows clearly that this allegation is incorrect.
"According to the testimony of Col. W.D. Atkins, Superintendent of the Division of State Police of the Department of Public Safety, there has been no refusal to pay compensation. Under this state of facts, I am of the opinion that under sub-paragraph B of Paragraph 1 of Section 18 of Act 20 of 1914, as amended, the exception of prematurity should be and the same is hereby sustained.
"Judgment will therefore be signed sustaining said exception and dismissing this suit at plaintiff's cost."
Thence, the trial judge signed a judgment sustaining the plea of prematurity and dismissed plaintiff's suit, without prejudice, and as in case of non-suit. Plaintiff has appealed.
The plea of prematurity is based on, first, the want of allegation in plaintiff's petition that plaintiff is not being or has not been paid, and that the employer and the insurer have refused to pay, the maximum per centum of wages to which plaintiff claims to be entitled; in the alternative, should it be held that the allegations of plaintiff's petition are sufficient in that respect, that said allegations are incorrect and without reasonable foundation in fact, all in accordance with Section 18, Subsection 1(B) of the Employers' Liability Act, Act 20 of 1914, as amended by Act 85 of 1926. The question involved is the application of said Section 18, Subsection 1(B) to the allegations and facts of this case. Said subsection reads as follows:
"(B) Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are withoutreasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of nonpayment is justified under the facts shall be determined by the Court before proceeding *Page 52 
with the hearing of the other issues involved." (Italics ours.)
Considering plaintiff's allegations as previously given, particularly the articles quoted supra, we agree with the district judge that these allegations meet the requirements of the first part of the said subsection under consideration, that is, since November 24, 1944, the plaintiff was not being or had been paid, and the employer has refused to pay, the maximum per centum of wages to which he was entitled.
However, the evidence introduced in support of the plea shows clearly that such allegations are without reasonable cause or reasonable foundation in fact.
On trial of the plea of prematurity the only evidence offered was the testimony of Col. Atkins, Superintendent of the Department of State Police, the employer of plaintiff. Col. Atkins testified that plaintiff was returned to his work and that he at no time made any demand for a claim of disability and that his Department at no time took any action with reference to such claim for the reason that no demand for such was ever made. This witness further testified that upon being returned to his work on November 1, 1944, the plaintiff was assigned to light work because of his injuries until February 1, 1945 when he was assigend to a patrol car for the reason that he was needed in that capacity and not for the reason that he was physically disabled at that time to return to his former duties as a motorcycle policeman. Col. Atkins admits that prior to filing this suit, plaintiff's attorney discussed with him the attitude of the employer with reference to compensation due plaintiff, but that at that time he informed plaintiff's attorney that he did not have the right to make any commitment on behalf of his Department and that this was a matter to be determined by the Court and that he wanted plaintiff to receive his just dues. From that testimony it does not appear that any formal demand and refusal was ever made.
We have had the same plea under consideration in the cases of Moss v. Levin et al., 10 La. App. 149, 119 So. 558, 120 So. 258; Chafin v. Meridian Lbr. Co., 12 La. App. 73, 125 So. 483, and many others, the last being the case of Brandon v. W. Horace Williams Co., La. App., 22 So.2d 753, in all of which we held that the defense as provided for by Section 18, 1(B) of the Employers' Liability Act, Act 20 of 1914, as amended, although appearing to be exceedingly technical, the language in which it is couched, being plain and unambiguous, must be upheld.
Furthermore, the Supreme Court, in the case of Hall v. Hillyer-Edwards-Fuller, Inc., 187 La. 959, 175 So. 633, having had under consideration the same plea as in this case, unanimously held that Section 18, 1(B) of the Employers' Liability Act was free from ambiguity, and when the evidence disclosed that plaintiff had not made demand for compensation, a plea of prematurity based on the said sub-section had to be maintained.
Plaintiff, in oral arguments and in briefs strenuously argues that the cases of Carlino v. United States Fidelity Guaranty Co., 196 La. 400, 199 So. 228, and Thornton v. E. I. Du Pont,207 La. 239, 21 So.2d 46, decided by the Supreme Court form a basis for reversing the lower Court's judgment.
[1] In the Carlino case [196 La. 400, 199 So. 234], the plea of prematurity as provided for by the said sub-section under discussion was not an issue. The case had been tried on the merits, the main defense was the plea of prescription of one year, and the only question presented to the Court was the effect of the payment of wages in lieu of compensation in order to interrupt the running of prescription. As we interpret the language of the Court in its opinion on rehearing and its decree, it decided that the payment of wages by an employer in lieu of compensation interrupted the running of prescription for compensation and that the employee could not collect compensation "for the period which he has received or will continue to receive wages equal to or exceeding the amount of the compensation." This case is clearly inapposite to the case at bar. To the contrary it clearly refutes plaintiff's argument in his supplemental brief that his compensation should be fixed in order to ward off any plea of prescription by the employer or its insurer in the future. *Page 53 
In the Thornton case [207 La. 239, 21 So.2d 53], the plea of prematurity was based on the contention of the defendant that it had been paying the plaintiff wages in lieu of compensation. The gist of that opinion is to be found in the concluding paragraph, to-wit: "Our conclusion is that this suit should not have been dismissed on the face of the pleadings. In fact the admissions made in the defendant's pleas of prematurity and of no cause or right of action might be deemed sufficient to justify overruling the pleas without hearing evidence on the subject. But, if the defendant can, without its being inconsistent with the admissions made in the pleadings which it has filed and in the letter which forms a part thereof, makesuch allegations of fact as will put at issue the question ofprematurity, the judge of the district court may hear evidenceon the question, and dispose of it before proceeding with ahearing of the case on its merits. That method of procedure isprescribed in Subsection 1(B) of Section 18 of the Employers'Liability Act." (Italics ours.)
[2] It is to be noted that this concluding paragraph clearly states that it is permissible for the district judge to receive evidence on the plea of prematurity. In the case at bar, such was done. Under the evidence introduced, it is shown that plaintiff received compensation for a period from September 7, 1944, to November 1, 1944. Thereafter he was retained in lighter work at the same salary as desk police until some time in February, 1945, when he was transferred to patrolman in an automobile, all at the same salary; that no demand was made upon his employer for compensation and such demand refused. We therefore see no application of this case to the case at bar.
We are strengthened in our opinion by the concurring opinion of justice Hamiter wherein he says: "Defendant, when its answer is filed, may deny plaintiff's charge that he received no compensation. Should such a denial be made it will create an issue respecting the nature of the payments which plaintiff, admittedly and allegedly, continued to receive from the date of the accident until the institution of this suit; and that issue will necessitate the taking of evidence, and its determination must occur before proceeding with the hearing, of the other issues involved. If, on that preliminary hearing it be foundthat those payments (whether they be called by the parties wages or something else) were in the nature or in lieu of thefull compensation due and owing to plaintiff under the statute
(not earned income, for and commensurate with services actually performed by the employee), the suit must then be dismissed asbeing premature. Such is the procedure outlined in the last portion of said subsection 1(B) of Section 18." (Italics ours.) This procedure was followed by the defendant in this case.
For these reasons, the judgment appealed from is affirmed.