43 So.2d 596

**HAMMETT v. CITIES SERVICE RE-
FINING CORPORATION.
In re HAMMETT.**

No. 39140.

Dec. 9, 1949.

Irion & Switzer, Shreveport, for relator.

Joines, Kimall & Owen, Borron, Owen, Borron & Delahaye, G. T. Owen, Jr., Baton Rouge, for defendant and respondent.

FOURNET, Chief Justice.

This is a suit for compensation instituted by plaintiff for an alleged injury suffered while in the course of his employment, and is now before us on writs granted to review the judgment of the Court of Appeal, First Circuit, sustaining the judgment of the lower court dismissing the plaintiff's suit on a plea of prematurity. See 36 So.2d 280.

Plaintiff, after setting forth the manner in which his injury occurred and the extent thereof, alleged that the employer had immediate notice of the accident and injury but that it has refused to pay any compensation despite amicable demand and still refuses, and that consequently a dispute exists between the plaintiff and defendant as to the extent and duration of his injuries. Plaintiff also seeks to recover $500 for medical treatment and care.

Defendant filed an exception of prematurity in which it denied that it had refused, or had occasion to refuse, to pay compensation because no demand or request has ever been made upon it for payment of any compensation; also, "appearer avers that it had no knowledge that any claim was being made against it for compensation until a copy of the petition in this case was served upon it." A hearing

was applied for on the issues raised by this exception, as provided under subsection 1(B) of Section 18 of the Employers' Liability Act, Act No. 20 of 1914, Sec. 18, as amended by Acts Nos. 234 and 247 of 1920, Act No. 85 of 1926, and Act No. 81 of 1930, which reads as follows: "Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, *if it be shown that such allegations are without reasonable cause or reasonable foundation in fact,* said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved." (Emphasis ours.)

On the trial of the exception of prematurity there was offered the deposition of the plaintiff, taken at Shreveport, La., in which plaintiff stated that at the time of his injury, July 2, 1946, he was employed at the Tutwiler Refinery of the defendant at Lake Charles, Louisiana, and went to Dr. LaCour, the physician in charge of the clinic maintained by the Refinery for its employees; that he received treatment for about 15 to 18 days; that he left Lake Charles and returned to Shreveport, his home, because he was not able to do the work which he had previously done; that he went to see a Mr. Welch "to get a job, a lighter job" with the company, and Mr. Welch promised to get in touch with him if anything came up, and on a subsequent visit said he would take care of getting lighter work for plaintiff, but never did. On cross examination plaintiff stated that according to his understanding, Mr. Welch was connected with a subsidiary of the defendant corporation. In support of plaintiff's statements, four documents were offered, showing (1) that plaintiff had written to Dr. LaCour in December, 1946, stating that he was still having trouble with his knee and asking for advice; (2) that in reply Dr. LaCour had advised him to consult his family physician; (3) that plaintiff wrote Dr. LaCour again in February, 1947, asking that he be advised of the date of his injury; and (4) that in reply there had come a letter from Mr. L. D. McClatchey, treasurer of defendant, dated more than a month later and reading as follows: "Your February 28, 1947, letter to Dr. LaCour has been passed to me for handling. According to our records you bruised your knee on July 2, 1946. It is of course understood that the furnishing of this information is no admission of liability on our part."

On behalf of the defendant there was offered the testimony of Mr. McClatchey, treasurer of defendant, who stated that no claim or demand had been made on the company previous to the filing of suit; that the company had in its files a routine accident report covering the injury; that Mr. Welch was not an employee of the defendant, but of the Arkansas Fuel Oil Company, which company, along with the defendant corporation, were subsidiaries of the same parent company; and that he could testify positively that no demand had been made, since all such demands came to him.

The sole issue here presented—namely, was plaintiff's allegation that defendant refused to pay him any compensation founded on reasonable cause, or had it reasonable foundation in fact—must be determined in the light of the above evidence and the interpretation placed on similar evidence by the jurisprudence of the state.

Plaintiff contends that to have made a further demand after receipt of the letter from defendant's treasurer containing the statement of non-admission of liability, would have been a vain and useless act. Defendant's position, on the other hand, in which it was sustained by the Court of Appeal, is that since the compensation law itself provides that "neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this act," section 18,

subd. 5, as amended, the addition of the sentence in the treasurer's letter was mere surplusage and could not be considered as a refusal to pay. The treasurer himself testified that the addition of the sentence was "a protective measure on my part."

In the case of Thornton v. E. I. du Pont de Nemours & Co., 207 La. 239, 21 So.2d 46, 48, this Court had occasion to comment on a similar paragraph contained in a letter from the employer to the employee, which read as follows: "Our placing you on workmen's compensation is not to be construed as an admission on the part of the du Pont Company that you are permanently and totally disabled as alleged in your petition." The Court continued: "This protestation, which we have quoted from the letter written by the defendant to the plaintiff on the 9th of February, 1943, shows that the defendant was not willing, even then, six days after the suit was filed, to admit that the plaintiff was entitled to the maximum compensation which he was claiming." 207 La. at page 245, 21 So.2d page 48. It is clear that weight was accorded this piece of evidence as indicating a refusal on the part of the defendant to admit liability. Moreover, the provision in the Employers' Liability Act would seem to have been included so that an employer would not fear he was committing himself irrevocably to a course of action by assisting an employee after his injury.

In the case of D'Antoni v. Employers' Liability Assurance Corporation, 213 La.

67, 34 So.2d 378, we pointed out that the statute does not require a demand, formal or otherwise, by the employee; and in view of the steps taken by the plaintiff to obtain work of a lighter nature with the company, the unsuccessful outcome of those attempts, the correspondence between plaintiff and the company doctor and the company treasurer (which certainly might reasonably have been interpreted as indicating an intention to "cut" plaintiff off after 13 years of service), and the well-settled principle that the provisions of the Employers' Liability Act are to be liberally construed in favor of the injured workman, it cannot be said that plaintiff's allegation that his employer had refused to admit liability was without reasonable cause or reasonable foundation in fact; and the strict interpretation placed on Sec. 18, subsec. 1(B), by the trial court and the Court of Appeal as requiring a *demand* for payment is erroneous.

A study of the authorities relied on by the defendant (Hall v. Hillyer-Edwards-Fuller, Inc., 187 La. 959, 175 So. 633; Moss v. Levin, 10 La.App. 149, 119 So. 558, 120 So. 258; Chafin v. Meridian Lumber Co., 12 La.App. 73, 125 So. 483; Reiner v. Maryland Casualty Co., La.App., 185 So. 93; Sawyer v. Weber-King Mfg. Co., La.App., 193 So. 369; Brandon v. W. Horace Williams Co., La.App., 22 So.2d 753; Lanoue v. Century Indemnity Co., La.App., 30 So.2d 207; and Thomas v. Oxendine et al., La.App., 33 So.2d 770) reveals that they are neither controlling nor pertinent here because they present different factual situations. The case of Hall v. Hillyer-Edwards-Fuller, Inc., supra, which the defendant contends is identical and conclusive here, clearly can be distinguished from this case on its facts, which were as follows: Upon trial of the plea of prematurity, the claimant did not appear, nor did he offer any witnesses to prove *notice of injury* (which has been a requirement since the law was first enacted in 1914) or refusal to pay, whereas the employer offered four witnesses—the vice-president and general manager, the cashier and office manager, the yard foreman at the sawmill, and the company doctor—whose testimony proved to the satisfaction of the court that no notice of injury was ever had by the employer until filing of the petition, particularly in view of the fact that the claimant had been treated on only one occasion, and then for a headache, with no further complaint. Thus it is seen that the facts are in no way analogous to those in the present case.

For the reasons assigned, the judgments of the District Court and the Court of Appeal for the First Circuit are annulled and set aside, and the case is remanded to the Fourteenth Judicial District Court for the Parish of Calcasieu for further proceedings according to law; the costs incurred on appeal and in this court to be borne by the defendant, all other costs to await the final determination of the suit.