HARDY, Judge.
This is a suit for workmen’s compensation in which plaintiff claimed total permanent disability resulting from an accidental injury sustained in the course of her employment as a machine operator for defendant’s assured, Remington-Rand, Inc. Following filing of suit counsel for defendant made an offer of settlement to counsel for plaintiff which contemplated payment of the sum of $750, together with accrued court costs. The offer was refused and it was agreed between counsel that legal tender of the sum should not be required. Contemporaneously with filing answer, defendant deposited in the registry of the court the sum of $775, praying that the same be accepted in full and final settlement of plaintiff’s claims for compensation, together with such damages and court costs as might have been sustained. After filing answer defendant interposed a plea of prematurity and an alternative demand to stay proceedings. After trial on the merits, defendant’s plea was overruled, and there was judgment in favor of plaintiff, awarding compensation at the rate of $30 per week for a period not to exceed 400 weeks, subject to a credit against compensation for wages paid plaintiff during the period from date of the accident, December 17, 1953, through March 19, 1954. From this judgment defendant has appealed and plaintiff has answered the appeal, praying the amendment of the judgment by eliminating the credits for compensation during the period above noted and by imposing penalties and attorney’s fees for which plaintiff originally prayed.
The facts involved are not subject to dispute. On December 17, 1953, while operating a resizing machine, plaintiff sustained an injury to her right hand, caused by the breaking of a spring in the machine, which resulted in the loss of the distal phalanx of her index finger and the distal phalanx and about half of the middle phalanx of the middle finger of her right hand. Plaintiff was not paid compensation following the accident but was maintained on her employer’s payroll and paid her usual wages until March 19, 1954, on which date her employment was terminated by reason of curtailment of production. Upon termination of her employment plaintiff made demand on her employer, Reming-tori-Rand, Inc., for compensation and there ensued at least two conferences with the personnel officer of plaintiff’s employer on March 22nd and March 29th. On the latter date the personnel officer referred plaintiff to the adjuster for the defendant insurer, and, on the following day, plaintiff and her husband visited the office of defendant on the second floor of the Johnson Building in Shreveport, Louisiana, and presented her claims to a Mr. Murph, defendant’s adjuster. Both plaintiff and her husband testified that Mr. Murph refused to consider any adjustment or settlement of her claims except on the basis of payment of a lump sum of $1,100 in consideration of a full and complete release, subject, of course, to approval of the court. Upon plaintiff’s refusal to accept such settlement Murph advised that her only recourse would be to place the claim in the hands of an attorney and that defendant would oppose her claims. There is not the slightest ground for disputing the narrative of these incidents as testified by plaintiff and her husband. Neither Mr. Hawthorne, the personnel officer of Remington-Rand, Inc., nor Mr. Murph, adjuster for the defendant insurer, were tendered as witnesses. Immediately following the abrupt and unsatisfactory termination of her conference with Mr. Murph plaintiff consulted an attorney who had offices on the same floor, placed the claim in his hands and as a result this suit was filed three days later,, on the first day of April, 1954.
Although on trial defendant strenuously resisted plaintiff’s claims on the ground that she had not suffered total and permanent disability, this defense has been abandoned and the issues which are tendered for determination on this appeal are •confined to three questions as stated in brief of counsel for defendant and which we have rearranged and rephrased for the purpose of this opinion as follows:
1. Should the plea of .prematurity or the alternative motion to stay proceedings have been sustained?
*509 2. Is the defendant entitled to the credit allowed in the judgment against compensation payments for the period from date of the accident to the termination of employment during which plaintiff received regular wages?
3. Do the facts of this case justify the allowance of penalties and attorney’s fees?
With reference to the first proposition as above set forth, it is urged that the payment of regular wages to plaintiff from time of accident to date of termination of employment should be held as payments of wages in lieu of compensation. On this premise distinguished counsel contend, that the next payment of compensation would not have become due until March 26th and that suit was filed on April 1st, at which time payment of compensation was in arrears for a period of only six days. Counsel further argue that the judicial admission of liability, coupled with the deposit of $750 plus court costs, in effect would have entitled defendant to credit for payment of compensation up to the approximate date of September 14, 1954.
It appears quite clear to us that the contentions of learned counsel are completely untenable, and in order to sustain them it would be necessary to read into the facts certain meanings which do not logically follow therefrom. It is obvious that this defendant never at any time paid plaintiff any compensation whatsoever and, further, that the only offers made by defendant to plaintiff were predicated upon a complete and final settlement of plaintiff’s claim in consideration for the payment of amounts substantially less than the aggregate of those to which plaintiff would be entitled on the ground of permanent and total disability. Defendant is attempting to take advantage, first of wages paid by the employer with respect to which the defendant insurer is not shown to have had any connection whatsoever, and, second, by reason of a tender of compensation, which tender quite obviously was based upon the defendant’s determination of the extent of plaintiff’s disability and its consequent minimum legal liability therefor. Neither of these pretexts will serve to overcome the very plain fact that defendant has not paid plaintiff any compensation.
Finally, we observe that after plaintiff was advised by the defendant’s adjuster that she would not be paid compensation except upon the condition of a lump sum settlement in consideration of a complete and final release of her claims, and, further, that with reference to this proposal she could, in effect, “take it or leave it”, further delay in judicially asserting her claims would have been vain, futile, useless and prejudicial. Certainly such procedure is not required by law.
•- We have noted and considered the authorities relied upon by learned counsel for defendant, Dawson v. Barber Bros. Contracting Co., La.App., 195 So. 46; Graham v. Young, La.App., 43 So.2d 297; Fontenot v. Cox, La.App., 68 So.2d 656, and LSA-R.S. 23:1312 (so shown in brief but which we believe must have been intended as 23:1314). Under the facts of the instant case none of the authorities cited are appropriate.
The issue tendered by the plea of prematurity was discussed in Hammett v. Cities Service Refining Corporation, 216 La. 245, 43 So.2d 596, and resolved in favor of plaintiff. In the cited case the circumstances upon which the court relied were much less persuasive than those established in the instant cause.
It follows that the plea of prematurity was properly overruled. We think no purpose would be served by discussing the alternative motion for a stay of proceedings since there could be no ground for entitlement to such relief under the facts of the case.
With reference to the second proposition which is here involved, we think it is now well settled that an employer, and consequently its insurer, is entitled to credit against compensation for periods during which a claimant received regular wages; Goodman v. Hillyer, Deutsch, Edwards, Inc., La.App., 49 So. 2d 60; Harper v. Ragus, La.App., 62 So. *510 2d 167; Louisiana Law Review VIII, page 566. We do not think the law contemplates payment of compensation in addition to the payment of wages.
Finally, we think plaintiff’s claims to penalties and attorney’s fees was properly denied for a number of reasons. Plaintiff was paid full wages to March 19, 1954; suit was filed on April 1st, and a short time later a tender was made of further compensation, and it is evident, therefore, that plaintiff did not suffer any serious diminution of earnings as the result of defendant’s action. Further, we note that although the defense against plaintiff’s claim of total and permanent disability has been abandoned, it cannot be said that the tendering of this issue was predicated upon an arbitrary and capricious action by defendant, notwithstanding the fact that such a defense was unsound. Finally, the statutory provision for payment of penalties and attorney’s fees, as set forth in LSA-R.S. 22:658, stipulates that the accrual of such penalty is predicated upon failure to make payment within sixty days after demand. In this case no such period had elapsed. On any or all of the above grounds the refusal of penalties was proper.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.