REGAN, Judge.
Plaintiff, Philip Rhodes, a common laborer, instituted this suit on April 25, 1957- *748 against the defendants, his former employer Keasby-Mattison Company and its compensation insurer, American Mutual Liability Insurance Company, endeavoring to recover the sum of $35 per week for 400 weeks, for total and permanent disability resulting from an inguinal hernia incurred on or about August 9, 1956, while lifting and pushing a stack of roofing shingles.
Defendants pleaded the exceptions of no 'right or cause of action, vagueness, and prematurity, asserting that no notice of the accident was given to the defendants, no demand was made for compensation, and that they had no knowledge of any claim or notice of any accident until served with copies of plaintiff’s petition.
From a judgment in favor of the defendants maintaining the exceptions of no right and no cause of action and prematurity, plaintiff has prosecuted this appeal.
This case was consolidated in this court with a similar suit arising out of the same facts in order to facilitate and expedite hearing hereof on appeal. The suit referred to is entitled Rhodes v. Keasby-Matti-son Co. and American Mutual Liability Insurance Co., La.App., 110 So.2d 750.
For the purpose of considering the validity of the exceptions of “no cause or right of action” the allegations of plaintiff’s petition must be accepted as true.
No useful purpose would be served by setting forth herein the contents of plaintiff’s petition since it is conceded by both litigants that the defendants’ exception of no cause of action was predicated on the fact that nowhere in plaintiff’s petition was it asserted that notice of the plaintiff’s injury was orally or in writing served upon the defendants within 6 months after the date of the injury.
In substantiation of the validity and effect of the foregoing exception on this suit the defendants point to the provisions of LSA-R.S. 23:1291, which read:
“No proceeding under this Chapter for compensation shall be maintained unless notice of the injury has been given to the employer within six months after the date of the injury or death. This notice may be given or made by any person claiming to be entitled to compensation, or by any one in his behalf.”
Based on the foregoing rationale the trial court dismissed plaintiff’s suit. In the absence of the defendants’ plea of prematurity we would conclude this opinion by reasoning that the tendency of modern practice is to yield as little as possible to technicalities and to be liberal, especially in compensation suits, in upholding substantive rights instead of technical forms and permit amendments to a petition that fails to state a cause of action due to insufficiency of the allegations contained therein.[2]
However the defendants did plead the prematurity of plaintiff’s action which was predicated on the fact that plaintiff’s petition omitted to allege (a) that he was not being paid compensation; (b) that he had not been paid; (c) that the employer had refused to pay the per cent of wages to which he was entitled under the provisions of the statute, or (c) that he had not been furnished the proper medical attention, and *749 cited in support of this exception LSA-R.S. 23:1314, which reads in part as follows:
“Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the ■dependents is not being or has not been paid, and that the employer has refused to pay, the maximum per cent of wages to which petitioner is entitled -under the provisions of this Chapter ■or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of ■examination and/or examinations made by employer’s medical practitioners after written request therefor, "has been made under the provisions ■of this Chapter, the presentation or filing of stick petition shall he deemed premature and shall be dismissed; * * (Emphasis supplied.)
In view of the provisions of LSA-R.S. 23:1291 and LSA-R.S. 23:1314, the trial court maintained the exceptions of no cause ■of action and the plea[1] of prematurity, and dismissed plaintiff’s suit with prejudice.
The dismissal of plaintiff’s suit predicated upon the plea of prematurity is apparently made peremptory by the clear and unambiguous language of the statute.[3]
The question of whether a suit such as this should be dismissed with prejudice, ■or dismissed as of nonsuit, or the plaintiff .allowed to amend his petition after sustaining an exception of no cause of action ■based upon the insufficiency of material allegations is one which has needlessly confounded the courts of this state for many years. A cause of much confusion in our jurisprudence relative to the exception of no cause of action is that while many Louisiana cases refer loosely to the exception of no cause of action, actually there are two separate and distinct types of this exception, which are quite different in their functions, forms, modi operandi, and effects. One is founded on the omission in the plaintiff’s petition of a necessary allegation of fact which though not alleged may nevertheless exist. The other, based upon a complete statement of the case in plaintiff’s petition, denies that the law affords the relief prayed for. This vital distinction must be borne in mind constantly in order to avoid confusion in analyses of the cases.
The exceptions of “no cause or right of action” pleaded by the defendants herein were aimed at the omission from plaintiff’s petition of a necessary allegation of fact, which though not alleged may nevertheless exist. And therefore we believe that the plaintiff’s case should be nonsuited[4] in order that he be afforded an opportunity to make the necessary allegations and thus try the case on its merits in order that justice may be more adequately served.
The foregoing rationale likewise applies to the exception or plea of prematurity for the reason that under the provisions of LSA-R.S. 23:1314, supra, it was based upon the omission from the plaintiff’s petition of a necessary allegation of fact which though not alleged may nevertheless exist; that is, plaintiff may be able to allege that he was not being paid compensation, that he had not been paid, that defendants had refused to pay the per cent of wages that he was entitled to under the statute, or that he had not been furnished the proper medical attention.
If we were to rationalize otherwise with respect to technical pleadings, we would, in *750 effect, be recognizing the validity of the sophistry that prevailed during the regime of “technicalities” in Louisiana, usually referred to as the Augustan Age, when law suits were considered as duels between skilled protagonists with the courts sitting only as referees to award the judgment— not according to any concept of justice, but merely in conformity with the comparative skill of the combatants.
For the reasons assigned the judgment appealed from is affirmed insofar as it sustains the validity of the exceptions of no cause or right of action and prematurity, but it is amended so as to dismiss plaintiff’s case as of nonsuit. In all other respects the judgment is affirmed.
Amended and affirmed.

. “The notice provided for in R.S. 1291 shall be made in writing and shall contain the name and address of the employee; shall state in ordinary language the time, place, nature and cause of the injury; and shall be signed by the person giving or making same. The notice may include the claim.” LSA-R.S. 23:-1293.
“ * * * The petition should set forth the names and residence of [sic] the parties * * * the knowledge of the employer or notice of the occurrence of the accident and injury, * * LSA-R.S. 23:1311.

. Reynolds Metal Co. v. T. L. James & Co., La.App.1954, 69 So.2d 630; see Home Services v. Marvin, La.App.1948, 37 So.2d 413, 415.

. Hall v. Hillyer-Edwards-Fuller, Inc., 1937, 187 La. 959, 175 So. 633.

. We reiterate in the absence of the plea of prematurity, we would have maintained the exception of no cause of action, but remanded the case in order to afford plaintiff the opportunity of amending his petition.