REGAN, Judge.
Plaintiff, Philip Rhodes, a common laborer, instituted this suit on October 27, 1958, against the defendants, his former employer, Keasby-Mattison Company, and its compensation insurer, American Mutual Liability Insurance Company, endeavoring to recover the sum of $35 per week for 400 weeks for total and permanent disability resulting from an inguinal hernia incurred on or about August 9, 1956, while lifting and pushing a stack of roofing shingles.
*751 Defendants pleaded the exceptions of no right or cause of action, vagueness, lis pendens, and res judicata based on the judgment in the plaintiff’s suit filed on April 25, 1957 (No. 353-313 of the docket of the Civil District Court for the Parish of Orleans).
From a judgment maintaining the exceptions of no right or cause of action and res judicata, the plaintiff has prosecuted this appeal.
This case was consolidated in this court with a similar suit arising out of the same facts in order to facilitate and expedite hearing hereof on appeal. The suit referred to is entitled Rhodes v. Keasby-Mattison Co. and American Mutual Liability Insurance Co., La.App., 110 So.2d 747.
Defendants, while they pleaded the exceptions of vagueness and lis pendens in the trial court, have not seriously re-urged them either in oral argument or in brief on appeal. In any event, an analysis of these exceptions discloses that they are without merit.
In response to this second suit instituted by the plaintiff, the defendants have not filed the plea of prematurity apparently because the allegations contained in this petition substantially complied with the provisions of LSA-R.S. 23:1314.[1]
However, the defendants did plea the exceptions of “no right or cause of action” and “res judicata.” We feel that we have fully discussed the effect of the exception of no cause of action on this suit in the companion opinion, and therefore no useful purpose would be served by repeating here what we said there.
Therefore, since no plea of prematurity was filed in this case, we are of the opinion that we should adhere to the tendency of modern practice to yield as little as possible to technical pleading and to be liberal in upholding substantive rights instead of technicalities and to allow amendments to petitions that fail to state a cause of action due to insufficient allegations.
We are also of the opinion that the judgment sustaining the plea of res judi-cata should be overruled. It was predicated on the first case which dismissed plaintiff’s suit on the exceptions of no cause of action and prematurity, both of which were based on the omission from plaintiff’s petition of necessary allegations of fact. Therefore all that was decided in the first suit was that the plaintiff by inadvertently omitting necessary allegations of fact from his petition did not assert a cause of action against the defendants. That was the only question posed by the exceptions of no cause of action or prematurity. A judgment sustaining an exception of no cause of action or prematurity because of the plaintiff’s omission of a necessary allegation is not a bar to another suit predicated on sufficient allegations.[2]
*752 For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from insofar as it maintains the exception of no cause of action is affirmed, and the case is remanded to the district court in order to permit the plaintiff to amend his petition, the amendment to be made within IS days from the finality of this decree; thereafter the matter is to be tried in conformity with law. The judgment insofar as it maintained the plea of res judicata is reversed; in all other respects the judgment is affirmed; all costs are to await the final determination of the issues herein involved.
Affirmed in part and remanded; reversed in part.

. “Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum per cent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer’s medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be deemed premature and shall be dismissed; * * *.” LSA-R.S. 23:1314.

. Of course, the result hereof would be otherwise if we were confronted with a judgment sustaining an exception of no right of action aimed at the merits of plaintiff’s demand (assuming that the ease had been stated fully and completely in the petition); this situation would formulate the basis for maintaining the plea of res judicata, the same as if the judgment had been rendered on evidence adduced in the case.